### Lina E. Sangster v. Lutie K. Hatch.

1. INSTRUCTION—*when invades province of jury.* An instruction which singles out a particular fact not necessarily controlling in the cause and directs a finding as to such fact, invades the province of the jury.

2. INSTRUCTION—*must not indicate that testimony is antagonistic.* An instruction is improper which singles out the testimony of a particular witness as being antagonistic to other testimony.

3. INSTRUCTION—*upon interest of party, erroneous.* Where both of the parties to a cause were witnesses, it is error to single out one of such parties and to direct the attention of the jury to the situation and interest of such party in the result of the suit, without making reference to the situation and interest of the other party to the cause.

Action for damages for alienation of affection. Appeal from the Circuit Court of Morgan county; the Hon. OWEN P. THOMPSON, Judge, presiding. Heard in this court at the November term, 1906. Reversed and remanded. Opinion filed June 1, 1907.

T. F. SMITH and WILLIAM N. HAIRGROVE, for appellant.

CHARLES A. BARNES and LAYMAN & MORRISSEY, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

This is a suit by appellant against appellee to recover damages for the alleged alienation by appellee of the affections of the husband of appellant. A trial by jury in the Circuit Court of Morgan county resulted in a verdict of not guilty and judgment against appellant for costs.

Appellant and Seaton W. Sangster were married October 1, 1884, and continued to live together as husband and wife until 1900, when appellant's husband absented himself from her. The evidence on behalf of appellant tends to show that her husband then became captivated with appellee; that he met appellee in Chicago on August 6, 1904, at the Polk street railroad station, and accompanied her on the same train bound for Kansas City; that on August 4, 1904, he and appellee occupied the same apartments in a hotel in Chicago; that on November 4, 1904, he and appellee visited the exposition at St. Louis together; and that on several occasions he called upon appellee at her home in Jacksonville. The evidence on behalf of appellee tends to show that she had no personal acquaintance with the husband of appellant; that she was confined at her home in Jacksonville by illness during the month of August, 1904; and that appellant's charges of intimacy between her husband and appellee were predicated upon mistaken identity.

As the judgment must be reversed and the cause

remanded for error in giving instructions, we refrain
from any expression of opinion regarding the weight
of the evidence or the merits of the case.

At the instance of appellee the court gave to the
jury the following, among other, instructions:

"24.    The court further instructs the jury that if
the evidence of the defendant and of the witnesses
introduced by her show to the jury that it was impos-
sible for said defendant, Mrs. Lutie K. Hatch, to have
been at the Windsor-Clifton Hotel in Chicago, or at
the Polk street depot in Chicago, or at the Fine Arts
Building in St. Louis, at the times claimed by the
plaintiff and her witnesses, then the jury should find
their verdict for the defendant, Mrs. Hatch.

"25.    The court further instructs the jury that if
they believe from the evidence that the plaintiff has
sworn positively that she saw the defendant, Mrs.
Hatch, in Chicago at the Polk street depot on August
6, 1904, and that the defendant has sworn just as
positively that she was not there on that date, but was
in Jacksonville, Illinois, and if the jury further find
from consideration of all the evidence in this case that
the testimony of the defendant is entitled to as much
credit as that of the plaintiff, and that the same is
corroborated to the same extent, then so far as that
point is concerned, the jury should find for the de-
fendant, Mrs. Hatch.

"26.    The court instructs the jury that while the law
makes plaintiff a competent witness in this case, yet
the jury have a right to take into consideration her
situation and interest in the result of this case, and
all the circumstances which surround her, and to give
to her testimony such weight and only such weight as,
in your judgment it is fairly entitled to."

The twenty-fourth instruction is objectionable as
being argumentative.    Furthermore, it improperly
singles out certain occasions involved in the evidence
and omits any reference to other occasions, such as
the alleged visits by appellant's husband to the home
of appellee in Jacksonville.

The twenty-fifth instruction is subject to objection

in several particulars. It infringes upon the province of the jury. It singles out a particular fact, not necessarily controlling in the case, and directs a finding as to such fact. It singles out the testimony of particular witnesess as being antagonistic.

The twenty-sixth instruction should not have been given. Appellee, as well as appellant, was a witness in the case, but the instruction identifies appellant and directs the attention of the jury to her situation and interest in the result of the case, without any reference to the situation and interest of appellee in the result of the case. The instruction was calculated to impress the jury with the thought that the court entertained some special reason for discrediting the testimony of appellant, which did not apply to the testimony of appellee. The instruction should have been so drawn as to apply to either party to the suit without designating either. C. & E. I. R. R. Co. v. Burridge, 211 Ill. 9; Taylor v. Crowe, 122 Ill. App. 518.

These instructions could not have been otherwise than prejudicial to appellant, and the judgment will, therefore, be reversed and the cause remanded.

*Reversed and remanded.*