Bush *v.* Kindred.

WILLIAM R. BUSH, Appellant, *v.* NAPOLEON B. KINDRED, Appellee.

APPEAL FROM PEORIA COUNTY COURT.

Where there is evidence to support a verdict, this court will not be inclined to disturb it; unless it is manifestly against its weight.

A party, when sued before a justice of the peace, is not bound to set off unliquidated damages. Such a practice would invest justices of the peace with a jurisdiction beyond the statutory limits.

THIS cause was tried in the County Court of Peoria county. The case will be found fully stated in the opinion of the court.

H. GROVE, for Appellant.

MANNING & MERRIMAN, for Appellee.

WALKER, J. This was an action of assumpsit, brought by Kindred against Bush, in the Peoria County Court, to the February term, 1858. The declaration contained special counts for damages claimed as growing out of a breach of contract, and the common counts in the usual form. The defendant filed five pleas. First, the general issue. Second, payment. Third, that the plaintiff was indebted to defendant in the sum of $95.05, on a judgment before a justice of the peace. Fourth, set-off; and fifth, that defendant, before this suit was instituted, had sued plaintiff before a justice of the peace and recovered a judgment against the plaintiff, and that the cause of action in this case then existed, and could have been set off in that trial, and failing to do so, that judgment was a bar to this action. On these pleas there were issues. A trial was had before the court and a jury, and a verdict for plaintiff for thirty dollars damages. Defendant entered a motion for a new trial, which was overruled by the court, and a judgment rendered for plaintiff on the verdict. And defendant brings the case to this court by appeal.

It was urged that the verdict is against the weight of evidence, and should, for that reason, have been set aside. The evidence was conflicting and contradictory, and it was the province of the jury, in the light of all the surrounding circumstances, to weigh it and give it the credit to which it was entitled. This they have done, and we do not feel called upon to disturb their finding. There was evidence to support the verdict, and we would not be justified in disturbing it, unless the finding was manifestly against its weight. *Allen* v. *Smith et al.*, 3 Scam. R. 97.

It was urged that this cause of action was barred by the plaintiff's having failed to set off the damages claimed in the suit between the same parties before the justice of the peace. The claim is for unliquidated damages growing out of a breach of contract between the parties; that suit was, upon claims, apparently totally disconnected with this contract, and if the damages claimed in this action were proper as a set-off before the justice, there can be no case in which unliquidated damages, growing out of a breach of covenant, contract, or tort, could not be set off. If such damages might be so set off, it would be to invest justices of the peace with jurisdiction over questions involving title to real estate, and compel parties to litigate all their rights, of every nature and kind, in one action, which would result in great injustice and endless confusion. *Hawks* v. *Sands*, 3 Gil. R. 232. It is manifest that the legislature never intended to confer such jurisdiction upon justices of the peace, and thereby produce such results.

The defendant asked the court to instruct the jury, that " if they believed, from the evidence, that the parties had settled their whole matters at Pontiac, and that afterwards Bush paid money or gave checks that were paid to Kindred, the jury should find a verdict in favor of defendant, for the amount of such payments, and also the amount of the judgment rendered by Bailey."

The court refused to give this instruction, and gave, in the place thereof, the following: "If the jury believe, from the evidence, that the parties settled their whole matters at Pontiac, under and according to the contract between the parties, and that afterwards Bush paid money or gave checks which were paid to Kindred, the jury should find a verdict for the defendant, for the amount of such payment, and also the amount of the judgment rendered by Bailey, unless, from the evidence, it appears the same was to be applied on the contract."

It was in evidence that a settlement of some kind was made between the parties, before the expiration of the time for the performance of the contract. In the absence of proof to the contrary, the presumption would be, that the unperformed portion of the contract was not embraced in the settlement. It was, therefore, proper for the court to qualify the instruction so as to apply the settlement to the contract and all matters under it; and as, on that settlement, there may have been a balance due to plaintiff, it was proper to again modify it by adding the concluding clause. If defendant was indebted to plaintiff on that settlement, and made payments on it, in money or by checks, it would be clearly erroneous to instruct the jury that defendant would have a right to a verdict for such payments. And that was what the instruction, as asked, told the jury. This modified instruction was properly given. And we are unable to discover

any error in the giving of plaintiff's instructions; nor has any been discovered on the whole record of the case; and, therefore, the judgment of the court below should be affirmed.

*Judgment affirmed.*