ALVIN CALDWELL
V.
HENRY C. EVANS.

*Set-off—Sec. 49, Chap. 79, R. S.*

The claim of a plaintiff in a given case for unliquidated damages arising out of a tort, totally disconnected from the defendant's claim against the plaintiff, upon a note on which suit had been previously brought, is not such a claim or demand as should have been brought forward and adjusted in the suit upon said note.

[Opinion filed June 12, 1891.]

APPEAL from the Circuit Court of Piatt County; the Hon. J. F. HUGHES, Judge, presiding.

Messrs. LODGE & HICKS, for appellant.

The case of Robison v. Hibbs, 48 Ill. 408, holds that unliquidated damages can not be set off in action on an account; but no construction of this statute is given. Such is the rule, no doubt, in the absence of this statute, but the very object of this statute is to save the expense which the application of that rule before justices would compel litigants of small claims to incur. In the later case of Lathrop v. Hayes, 57 Ill. 279, the Supreme Court fully discusses the statute and the object of its enactment, in the light of our own decisions and those of New York construing a similar statute, and arrives at the conclusion "that where one party commences his action before a justice of the peace, the adverse party, if he have *any* demands existing, must bring them forward, if capable of being consolidated into one defense," and the court says : "Indeed we do not see how it will bear any other construction without utterly disregarding the plain meaning of the words used; doubtless it was the intention of the Legislature to prevent the multiplicity of unimportant law suits in which small sums of money would be involved." The only exception made by the court from *any* demand is attachment

with constructive service. Of course, the demand must be one the justice has jurisdiction to hear; but to apply the same rules to such actions as are applied in courts of record on the subject of unliquidated damages, set-off, etc., defeats the very object of the statute. We submit the construction given in 57 Ill. is the reasonable and proper one to be given the statute, and under that rule this claim is barred. Lathrop v. Hayes, 57 Ill. 279.

Mr. M. R. DAVIDSON, for appellee.

Our proposition is, that Sec. 49, Chap. 39, R. S., does not modify the common law doctrine of set-off; that the rules of the common law are applicable in actions before a justice of the peace.

We find in examining the section in question, that it is the statute of 1845, re-written and changed as to the pecuniary limit of jurisdiction. In 1846 this statute received its first construction by our Supreme Court. We invite your attention to the case of Hawks v. Lands, 3 Gilm. 232, where the court in commenting upon this section says: "Unliquidated damages arising out of covenants, contracts, or torts totally disconnected with the subject-matter of the plaintiff's claim, are not such 'claims or demands' as constitute the subject-matter of set-off under our act of assembly. To give this construction to the statute would invest justices of the peace with full jurisdiction over questions involving the title to, and covenants concerning, real estate, compel parties to litigate all their rights of whatever nature or kind in one action and result in irremediable injustice and endless confusion." See Bush v. Kindred, 20 Ill. 94; De Forest v. Oder, 42 Ill. 502; Robison v. Hibbs, 48 Ill. 409. We confess we are too obtuse to discover wherein the case of Lathrop v. Hayes, cited by appellant, revokes or even modifies these decisions.

We invite the court's attention to what the courts have said later on. See East v. Crow, 70 Ill. 93; Clause v. Bullock Press Co., 118 Ill. 617; Hartshorn v. Kinsman, 16 Ill. App. 557.

CONGER, P. J. This was an action originally commenced before a justice of the peace by appellee against appellant,

Caldwell v. Evans.

and upon appeal to the Circuit Court a verdict and judgment was rendered against appellant for $95.

The claim of appellee was that appellant, in company with his two daughters, was driving some of his own colts along the road, when they jumped over into appellee's field, and got with appellee's colt, which had but recently been castrated. That appellant in trying to get his colts out of the field, so negligently and carelessly ran the colt of appellee about the field as to cause its death.

Appellant contended that due care was used that the colt was not injured by the running, but its death was caused by improper treatment when it was castrated.

We have carefully examined the evidence upon this question, and can not say that the jury were not warranted in reaching the conclusion they did. The evidence was contradictory, and in such case the jury having the witnesses before them had much greater opportunities of weighing the evidence than we have.

Appellant also insists that this claim for damages was barred because, after the death of the colt and prior to the present suit he had sued appellee before a justice of the peace upon a note which appellee owed him, and appellee should have brought forward this claim for damages and had the same adjusted in such suit, in accordance with the provisions of Sec. 49, Chap. 79, R. S., which provides that, "Each party shall bring forward all his demands against the other, existing at the time of the commencement of the suit, which are of such a nature as to be consolidated, * * * and on refusing or neglecting to do so, shall forever be debarred from suing therefor."

Appellee's claim is for unliquidated damages arising out of a tort, totally disconnected from appellant's claim upon the note upon which he brought suit, and hence was not such a claim or demand as would constitute the subject-matter of a set-off in that suit. Hawks v. Lands, 3 Gilm. 227; Bush v. Kindred, 20 Ill. 94.

Appellant refers us to Lathrop v. Hayes, 57 Ill. 279, as holding a contrary doctrine, but we do not view it in that light. In

that case the question was, where one is sued before a justice of the peace, and has a claim against his adversary within the jurisdiction of a justice of the peace, and a proper subject of set-off, must he bring it in as a set-off against his adversary's claim or commence a new suit. There is nothing in this case at all modifying or changing the holding in the Hawks case, *supra*.

It is said the instruction given to the jury for appellee is misleading in that it does not limit the kind of negligence which would render appellant liable. We do not think the instruction properly subject to this criticism, but if there were any doubt about it, the instructions given upon the part of appellant clearly and favorably lay down the law upon this question.

The judgment of the Circuit Court will be affirmed.

*Judgment affirmed.*