# CASES

## ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF ILLINOIS.

## CHICAGO AND EASTERN ILLINOIS RAILROAD COMPANY
### *v.*
### E. H. BURRIDGE.

*Opinion filed June 23, 1904—Rehearing petition dismissed October 4, 1904.*

1. INSTRUCTIONS—*when instruction is not bad for referring to plaintiff's interest.* An instruction stating that the jury, in weighing the plaintiff's evidence, may take into consideration that he is interested in the result of the suit, is not improper as singling out the plaintiff, where the suit is against a corporation and the plaintiff is the only witness directly interested in the suit.

2. SAME—*it is error to refuse instruction as to right of jury to consider plaintiff's interest.* In an action against a corporation for personal injury it is error to refuse an instruction permitting the jury to consider plaintiff's interest in the suit as affecting the weight of his testimony, where no other instruction of like import is given.

3. SAME—*when refused instruction is not covered by given one.* A refused instruction authorizing the jury to consider the plaintiff's interest in the suit when weighing his testimony is not covered by a given instruction stating the law where witnesses knowingly testify falsely to material matters.

4. SAME—*instruction that law as stated by court is binding should be given.* An instruction stating that the instructions given to the jury by the court must be accepted by them as the law governing the case and that they will not be justified in finding a verdict contrary to the law so presented is correct, and should be given.

5. APPEALS AND ERRORS—*when error in refusing instruction is not waived.* If the appellant urges in his original brief, both in the

Appellate and Supreme Courts, that the refusal of a certain instruction was error, the fact that no authority was cited until a late stage in the proceedings, in pursuance of leave granted by the Supreme Court, is not a waiver of the error.

*C. & E. I. R. R. Co.* v. *Burridge*, 107 Ill. App. 23, reversed.

Appeal from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Marion county; the Hon. William M. Farmer, Judge, presiding.

This was an action on the case in the circuit court of Marion county, brought by appellee to recover for personal injuries received by him while in a freight car containing personal property belonging to him, at Salem, in that county. The injury is charged to have resulted from the negligent act of the plaintiff in driving a train of cars with great violence against the freight car in question. The trial in the court below resulted in a verdict and judgment in favor of appellee for the sum of $4000, which has been affirmed by the Appellate Court for the Fourth District, and the case comes here by appeal.

Appellee shipped a stock of goods from Humboldt, Tennessee, to Salem, Illinois, over the Mobile and Ohio railroad and the appellant's railroad, in a freight car, which arrived at Salem on the evening of February 6, 1901, and appellant's agent at that place notified appellee of the arrival of his goods in order that the car might be unloaded by him. The car was placed on a side-track of appellant at Salem a short distance north and east of the depot building and east of the main track, at a point where cars were usually left by appellant for loading and unloading. There was a wagon road east of the side-track where freight was taken from the cars. On the morning of February 7, 1901, the appellee began removing his goods from the car. A dray was driven up to the east side of the car on the side-track, and the drayman, Rose, an assistant or clerk of appellee by the name of Justice, and appellee's business partner, Demp-

sey, were assisting in handling the property. Appellee and those with him had taken one dray-load of goods from the car and were engaged in taking out the second load when the freight train hereinafter mentioned came up on the side-track and was coupled to the car in which the plaintiff was at work. There were two doors to the car,—one on the west side thereof looking toward the main track and the depot, and the other on the opposite side. The dray could not be driven to the west side of the car on account of the proximity of the side-track to the main track. Among the goods in the car was a large safe weighing 4000 pounds and another safe weighing 1000 pounds. In packing the car at Humboldt, Tennessee, the larger safe had been placed against the east door of the car, and it was impossible to open that door and take goods out on that side of the car at first. When the unloading began, the west door of the car was opened and goods next that door were taken out on that side of the car and carried around to the east side and loaded upon the dray. After the removal of these goods the larger safe was moved back from the east door and that door was then opened. The smaller safe was standing against the west wall of the car, just north of the west door, where it had been placed when loaded. The casting designed to hold one of the rollers under the smaller safe was broken. While the second load was being placed on the dray a local freight train of the appellant came in from the north on the main track, which was about five feet from the side-track. This train stopped at the depot a few car lengths south of appellee's car, unloaded freight, and then pulled out to the south about a quarter of a mile and came in on the side-track or switch where appellee's car stood, backed up to appellee's car, coupled on and went south. The purpose of the train crew was to take this car out of the way so that they could get two cars which stood north of it on the same side-track and put them in the train. Appel-

lee's car was placed on the main track, the other two cars were removed, and the car first mentioned was placed again upon the side-track but at a point several rods south of the place where appellee had been unloading. It was left here five or ten minutes, and then the freight train, consisting of an engine and seventeen cars, backed up from the south against this car in order to push it back to the position which it occupied when it was being unloaded. The train, in coming in contact with it for this purpose, struck it with such force and violence that the smaller safe fell over upon appellee, who had remained in the car, and injured him. The safe, after falling over, lay on appellee's lower limbs, and Justice, who was in the car, was unable to lift it off, but was finally assisted in doing so by one of the brakemen. Both bones of appellee's right leg were broken about an inch above the ankle joint and his left ankle was crushed. The evidence indicates that the injury to each limb is permanent. Appellee's business, at the time of the accident, was that of a druggist. Among the goods in the car were show-cases, glassware and household goods, which, at the time the car was moved, after it was partly unloaded, were liable to be broken and damaged if the car was roughly handled, especially if there was no person in the car to care for the property.

H. T. Dick, and L. M. Kagy, (W. H. Lyford, and E. H. Seneff, of counsel,) for appellant.

Wood & Elmer, and John S. Stonecipher, for appellee.

Mr. Justice Scott delivered the opinion of the court:

At the close of all the evidence defendant moved the court to instruct the jury to return a verdict in its favor. As the case must be reversed for an error in passing on instructions, we will not discuss the question raised by the denial of this motion, except to say that evidence

found in the record tends to support the averments of the declaration.

North, a brakeman in the employ of the defendant, testified that he told Burridge, while the latter was unloading the car and just before the first coupling was made, that they were going to move it and would put it back when they were through switching, and that he, Burridge, had better get out of the car. Burridge denies this. With the record in this condition, appellant asked, and the court refused, defendant's instruction No. 6, which reads as follows:

"The jury are further instructed that while the law permits the plaintiff in the case to testify in his own behalf, nevertheless the jury have the right, in weighing his evidence, to determine how much credence is to be given to it, and to take into consideration that he is the plaintiff and interested in the result of the suit."

No other instruction of like import was given. Under similar circumstances we held in the case of *West Chicago Street Railroad Co.* v. *Dougherty*, 170 Ill. 379, that the refusal of this identical instruction was error, and are not disposed to depart from the reasoning which led to that conclusion.

It is urged that the instruction was properly refused for the reason that it identifies and singles out the plaintiff. Had the suit been against a natural person and had both plaintiff and defendant testified, this objection would be good. In such a case an instruction of this character should be so drawn as that it would apply to either party to the suit without pointing out either. Appellee's argument is, that the injury resulted from the negligence of appellant's servants who testified in the cause; that if a judgment was recovered against appellant these servants would be liable over on account of their negligence, and that therefore they were interested in the event of the suit and had the same interest in this result as the plaintiff, and an instruction of the charac-

ter of this one should have been so drawn as to apply to the plaintiff and these servants, without singling out or identifying any or either of them. The plaintiff was the only witness who testified who, as the direct result of this suit, would be entitled to receive, or be liable for, the payment of money. The question of a liability over would not be adjudicated by a determination of this cause in favor of the plaintiff. His interest in the event of the suit was therefore an interest different from that of the servants of the defendant and an interest possessed by no other witness in the case, and the jury had the right to consider this interest, which was peculiar to its possessor, in determining the credence to be given the testimony of the plaintiff.

In *North Chicago Street Railroad Co.* v. *Wellner*, 206 Ill. 272, we held that where, in an instruction of this character, it must be apparent to the jury that the law stated can apply to but one witness in the case, the fact that the witness is identified by the instruction does not vitiate the instruction. If, in the instruction now under consideration, the words "the plaintiff" had been stricken out wherever they occurred and the words "a party" substituted, the instruction would have been entirely unobjectionable, and yet the jury would have known that it could apply to none except the plaintiff, for the reason that he is the only party to the suit who testified. Under such circumstances the fact that he was identified by the instruction did not justify its refusal.

Appellee insists that the error of the court in refusing this sixth instruction has been waived by appellant by failure to properly present the same in the Appellate Court and (by its original brief and argument) in this court. It appears, however, that this question was presented in each of these courts by appellant's brief and argument, and in both it was insisted that the instruction should have been given, although it is true that the case of *West Chicago Street Railroad Co.* v. *Dougherty, supra,*

was not cited in the Appellate Court and was not cited in this court in the original brief, but that case was referred to in this court in pursuance of an order granting appellant leave to cite additional authority after the filing of its original brief and argument. As appellant urged, by its brief, in each court, that this instruction is a correct statement of the law and should have been given, the error of its refusal was not waived, even though no authority in support of that position was cited until a very late stage of the proceedings.

It is also contended that its refusal was proper for the reason that the same proposition, in substance, was contained in an instruction given on the part of appellant, to the effect that if the jury believed, from the evidence, that any witness in the case had knowingly and willfully testified falsely to any material thing, then they had the right to entirely disregard the testimony of such witness, except in so far, etc. This instruction is not upon the same subject. It deals with the treatment to be given the testimony of a witness who, in the judgment of the jury, based upon the evidence, has testified falsely, while the sixth instruction states the right of the jury to consider the plaintiff's interest in the event of the suit in determining the credence to be given his testimony.

The seventh instruction asked by the defendant and refused by the court was as follows:

"The instructions given to the jury by the court must be accepted by them as the law governing this case. The jury will not be justified in finding a verdict contrary to the law as laid down in the instructions given by the court in this case."

This stated a correct proposition of law and should have been given. Whether its refusal would constitute reversible error in this case need not now be determined.

By the eleventh instruction asked by the defendant, which was also refused, it was apparently intended to

have the jury advised that it was their duty to consider the case in all its bearings, the same as they would a case between two private citizens, and that the defendant, a corporation, was entitled to the same treatment in court as a private individual would be under like circumstances, and, so far as these statements are concerned, was correct; but these propositions were accompanied by language that was improper and misleading, and the instruction was rightfully refused.

Seven instructions were given to the jury on the part of the plaintiff. Appellant assigns error upon the giving of each of these instructions. Appellant offered twenty-two instructions. Three were given as requested, six were modified and given, and the remainder were refused. The modification of each that was modified and the refusal of each that was refused is assigned as error. Each of the alleged errors of the court in giving, modifying and refusing instructions is argued at great length. It is unnecessary for us in this opinion to discuss each of the objections made. Suffice it to say, we have carefully considered the propriety of the court's action in passing upon instructions, and are of the opinion that no error was committed except in refusing appellant's refused instructions No. 6 and No. 7. Several other instructions asked by defendant below and refused by the court embodied correct propositions of law that do not seem to have been given to the jury in other instructions, but they also contained misleading and inaccurate language, as in the case of the eleventh refused instruction herein above referred to, or were argumentative, and the court's action was therefore proper.

It is unnecessary to determine other errors assigned.

The judgments of the Appellate and circuit courts will be reversed on account of the error in refusing the defendant's instruction No. 6, and the cause will be remanded to the circuit court.

*Reversed and remanded.*