## D. Heenan Mercantile Company, Appellee, v. William J. Welter, Appellant.

## Gen. No. 5,042.

1. JUSTICE OF THE PEACE—*when demands may be set off.* Under the statute all demands within the limit of the justice's jurisdiction should be brought in by the parties for determination and the defendant is entitled to interpose by way of set-off a debt accruing to him either under an implied or an express contract.

2. SET-OFF—*what proper subject of.* Demands for work and labor performed, board, goods sold and delivered, are of such a nature that they may be set-off in an action *ex contractu*, whether they arise out of the subject-matter of the plaintiff's suit or not.

Action commenced before justice of the peace. Appeal from the Circuit Court of LaSalle county; the Hon EDGAR ELDREDGE, Judge, presiding. Heard in this court at the April term, 1908. Reversed and remanded. Opinion filed August 10, 1908. Rehearing denied October 9, 1908.

CHUBBUCK & JONES, for appellants.

REEVES, OSBORN & GRIGGS, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

This is an appeal by the defendant from a judgment for $168.31 entered upon a directed verdict for the plaintiff in an action originally brought before a justice of the peace. The evidence shows that the appellee is a mercantile corporation and that it brought this suit to recover a balance claimed to be due for goods sold by it to appellant. The appellee filed a statement of the account between the parties, the first item of which is "Feb. 1, 1900, suit $12.00." This is followed by several pages of items charged at various times from February 1, 1900, to January 30, 1907, the total of which amounts to $750.93. Appellee's account also gave the appellant credit for various items of which the following is a copy:

"May 1, 1900, to July 1, 1900, salary..$ 69.00
July 7, 1900, to Jan. 1, 1901, salary.. 102.00
Jan. 1, 1901, to Jan. 1, 1902, salary...... 221.00
Mar.        Shirts returned,................ 4.00
  1906
Jan. 1, 1902, to Sept. 27, 1902, 38½ wks. 162.86
June 19, Due bill........................................... 1.38
Nov. 20, Cash............................................ 19.24
      29, Due bill..................................... 2.14
  1907
Jan. 30, Ramper........................................... .50
     30, Cash............................................... .50   582.62"

The difference between the two totals is $168.31, for which sum the court directed a verdict, and rendered judgment.

The statements of counsel contained in the bill of exceptions and the evidence offered by appellant show that the appellant was a salesman in the shoe department of appellee's store at Streator for ten years prior to September, 1902. He received a salary of $1000 per year or $19.23 per week. During part of the time he drew $12 cash weekly, and the balance was credited to his account. The appellee claims that in November, 1900, Heenan, the president of appellee, called appellant into the office and informed him that the manager of the shoe department was about to leave and that they had considered appellant in connection with that position, and assured him there would be additional pay for the added responsibility. No additional compensation was agreed upon, Heenan saying it was necessary to talk it over with Miles Finlen, his associate. Appellant insists that Heenan there told him to go ahead and assume the responsibility of the department and they would pay him what it was worth. Appellant claims he had several conversations with Heenan regarding the salary he was to receive as manager, but Heenan put him off by saying he had not seen Finlen, and assured him he need not worry, that they would pay him what it was worth. At one of these conversations appellant suggested $3.50 a week additional

would be reasonable compensation for his extra services as buyer and manager, and that Heenan said "All right, I will see Finlen about it." Matters ran in this way until September, 1902, when appellant told Heenan the salary question must be settled. Heenan then told appellant they would not pay him any additional salary. The appellant then tendered his resignation, but remained in the store two weeks at Heenan's request. Heenan then offered appellant $1,500 per year if he would stay with appellee. Appellee claims that during the last two years appellant drew $15 per week and the balance of his salary was credited to his store account, while appellant filed a set-off and contends that the credits given him were erroneous and that he was entitled to a credit of an additional $3.50 per week, for the time he acted as buyer and manager.

The trial court refused to permit appellant to make proof of the alleged agreement that he should be paid what his services were worth for the extra services rendered by appellant, additional to the $19.23 per week, and the value of such additional services. The ruling of the court was based on the theory that the accounts were not mutual and that the claim for additional compensation to appellant was not liquidated and therefore not the subject of set-off.

Under the statute, when suit is begun before a justice, "each party shall bring forward all his demands against the other, existing at the commencement of the action, which are of such a nature as to be consolidated, which do not exceed two hundred dollars when consolidated into one action or defense; and on refusing or neglecting to do so shall forever be barred from suing therefor." Hurd's Stat. chap. 79. sec. 53. Appellee credited appellant, in its statements of the account, with the following items; "Jan. 1, 1901, to Jan. 1, 1902, salary, $221.00; 1906, Jan. 1, 1902, to Sept. 27, 1902, 38½ wks. $162.86," being the balance of salary during the time appellant insists he is entitled to an additional credit. Appellant claims those credits are

not what he is entitled to under the conversation he had with Heenan, when Heenan promoted appellant to be buyer and manager of the shoe department. Appellant also undertook to prove that it was the agreement, that his earnings over the amount he drew weekly, should be applied to his store account with appellee. We can see no legal reason why appellant should be bound by the credits given him by appellee, if they were not as much as he was entitled to under an implied contract. The suit having been begun before a justice, each party was required to bring forward all his demands existing against the other which are of such a nature as to be consolidated, if the balance does not exceed two hundred dollars, or be barred from thereafter suing therefor. This applies as well to implied as to express contracts. The balance, if any, due appellee depended upon whether the items of credit it had given appellant were for the correct amounts. To hold otherwise would be to hold that the books of appellee are conclusive, and that the items therein are not open to contradiction, even although it appears from them that the credit for thirty-eight and one half weeks services rendered in 1902 was not given until 1906. Demands for work and labor performed, board, goods sold and delivered, are of such a nature that they may be set off in an action *ex contractu,* whether they arise out of the subject-matter of the plaintiff's suit or not. East v. Crow, 70 Ill. 91; Lloyd & Co. v. Manufacturers & Merchants Warehouse Co., 102 Ill. App. 551; Kelley, Maus & Co. v. Caffrey, 79 Ill. App. 279. We hold that the set-off for services claimed by the appellee leaving a balance of less than $200, whichever contention prevails, is that character of a claim or demand that the justice act requires shall be presented or it will be barred, and that the court erred in the rejection of the evidence offered. The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*