**C. Turgrinson, Appellee, v. August Meyer, Appellant.**

**Gen. No. 15,114.**

1. SET-OFF—*what not proper subject of recoupment.* A claim for unliquidated damages which does not arise or grow out of the transaction made the basis of the action is not a proper subject either of set-off or recoupment.

2. SET-OFF—*what not appropriate before justice.* In an action commenced before a justice of the peace, a set-off cannot be inter-

posed if the amount claimed by reason thereof is in excess of the jurisdiction of the justice.

Action commenced before justice of the peace. Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the March term, 1909. Affirmed. Opinion filed May 19, 1910.

W. G. ANDERSON, for appellant.

CLARK & CLARK, for appellee.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

There are no pleadings in this case, it having initiated in a court of a Cook county justice of the peace, in which jurisdiction written pleadings are not required. The case was twice tried on appeal to the Circuit Court *de novo*, both trials terminating in verdicts in favor of appellee for $200. The first verdict was met with a motion for a new trial, which was allowed, and on the second trial the court instructed a verdict for appellee, from which this appeal is prosecuted.

The proof shows that appellant was indebted on four promissory notes, two being for $150 each, one for $47.50 and one for $75. The notes were secured by two chattel mortgages, each conveying two carriages. Certain payments were made upon some of the notes, and two carriages were sold under the chattel mortgages. A third carriage had been demolished in a runaway accident and the fourth was taken on an execution by a Cook county constable and sold. The amount realized at the mortgage sale, less the expenses of the sale, was credited upon the notes and the balance remaining due on all four notes exceeding $200, the monetary limit of the jurisdiction of the justice of the peace, the excess was remitted and claim therefor waived by appellee. Unless the defense interposed is available to defeat appellee's claim, the judgment appealed from must stand.

Appellant contended that the notices of sale, etc., required by sec. 2, chap. 95, R. S., in force July 1, 1895, were not given, and that the penalty recoverable under that Act for such failure could be set-off by way of defense to appellee's claim.  Section 2 *supra* provides that on failure to give the required notices, etc., "the owner of said property may sue for and recover one-third of the value of the property so sold from the mortgagee or the person making said sale as assignee of said mortgagee." This injected into the case a claim for unliquidated damages.  This was in no way so connected with the claim in suit as to make it a proper subject of a cross-action or set-off, for it is apparent that if such counter claim could be enforced in the pending suit, the jurisdiction of the justice of the peace would be enlarged beyond the amount fixed by the statute.  Such result is deducible from the testimony of appellant, in which he placed the value of the two carriages sold at $775.  Hartshorn v. Kinsman, 16 Ill. App. 555; Bush v. Kindred, 20 Ill. 93.

The instruction given by the trial judge to the jury, while redundant in form was, in its practical effect and operation, a direction to the jury to find the verdict which it did.  The motion of counsel to instruct a verdict in favor of appellee was tantamount to a demurrer to appellant's evidence, and the action of the court in giving the instruction eliminated from the record all of appellant's proofs.  As the case then stood, no question of fact remained for submission to the jury.

There is no error in the record calling for a reversal of the judgment of the Circuit Court and it is therefore affirmed.

*Affirmed.*