## John P. McWilliams, Appellant, v. Frank E. Lavell, Appellee.

### Gen. No. 5,687.

1. Costs—*effect of tender.* Where defendant tenders costs and a certain amount as damages which is refused and the jury finds such tender sufficient, subsequent court costs will be assessed against the defendant.

2. Set-off—*in action before justice.* In an action before a justice to recover the price of grain sold and delivered, an unliquidated claim for hauling building materials may be set off under R. S. ch. 79, Sec. 53.

3. Landlord and tenant—*construction of lease.* The construction of clauses in a lease is for the court.

4. Landlord and tenant—*construction of lease.* Clauses in a lease, made six months before the beginning of the term, to the effect that the lessee was to haul all material needed for repairs, improvements, or new fences, to build all fences and keep the same in repairs and to haul all building material, free of charge for the lessor, will be construed as not requiring the lessee to haul material for new buildings to be erected after the beginning of the term.

5. Alteration of instruments—*for jury to determine when made.* Where the evidence is conflicting as to whether an interlineation in a lease was made before or after it was signed by the lessee, the question is for the jury.

6. Set-off—*matter arising after suit.* An indebtedness arising subsequent to the bringing of a suit cannot be offered to reduce a set-off claim.

Action commenced before justice of the peace. Appeal from the Circuit Court of Livingston county; the Hon. George W. Patton, Judge, presiding. Heard in this court at the April term, 1912. Affirmed. Opinion filed October 15, 1912.

Clyde H. Thompson and McIlduff & Thompson, for appellant.

White & Tuesburg, for appellee.

Mr. Presiding Justice Dibell ·delivered the opinion of the court.

On August 4, 1910, appellant leased certain real

estate to appellee by a written instrument. The term of the lease was from February 1, 1911, to February 1, 1912. During the term of said lease appellant sued appellee to recover the value of certain hay and oats which the former claimed he had sold to the latter. Appellee disputed the liability in part and, by way of set-off, made certain claims against appellant. The cause was removed to the Circuit Court by appellee and before it came on for trial there appellee tendered appellant all costs to that date and $33.75. On a jury trial in the Circuit Court the jury found the issues for appellee and found the tender sufficient and assessed appellant's damages at $33.75, the amount tendered, and, after a motion for a new trial was denied, the court granted leave to appellant to take the amount of the tender, then in the clerk's hands, and entered judgment for appellee for costs, and plaintiff below appeals from that judgment. The judgment was somewhat informal but was correct in substance, if the verdict was correct. County of Jo Daviess v. Staples, 108 Ill. App. 539.

Appellee and another purchaser each received oats from the threshing machine. Appellant claimed that appellee received 381 bushels. Appellee claimed that he only received a little over 248 bushels. The proof was conflicting on this subject, and the evidence does not warrant us in disturbing the conclusion of the jury, approved by the trial judge. There seems to be no dispute as to the amount of hay appellee bought of appellant.

Appellee's principal item of set-off was for hauling a large amount of material for appellant for new buildings which appellant erected on the premises during the term of the lease. Appellant makes two answers.

He claims that these are unliquidated damages, which cannot be set off in this action, relying upon Higbie v. Rust, 112 Ill. App. 218; 211 Ill. 333, and other cases. Those were not suits brought before a justice. In suits brought before a justice the statute requires

each party to bring forward all his demands against the other, etc. R. S. ch. 79, sec. 53. Heenan Mercantile Co. v. Welter, 144 Ill. App. 279, is conclusive that, in our view, this set-off was properly brought forward in this suit begun before a justice. Appellant further contends that appellee was bound to haul this material for him without charge, under the 13th and 14th clauses of the lease. The 13th clause bound appellee to haul to the farm all material needed for repairs, improvements, or new fences, and the 14th clause bound him to build all fences and keep the same in repair and haul all building material free of charge to appellant. It will be observed that the lease was dated nearly six months before the beginning of the term. About the beginning of the term appellant began the building of a new house, apparently on the farm appellee had rented, but not on or near the house which was on the farm when the lease was made. It was for the court to determine the meaning of these clauses in the lease. We are disposed to hold that the provisions in question did not contemplate that appellee was to haul material for new buildings to be thereafter erected by appellant. Appellee obtained several bushels of grass seed from a second crop of grass, and to reduce the set-off appellant sought to charge him therewith under the 3rd clause of the lease, which gave appellee the hay for the first crop only. Only one copy of the lease was prepared and it was sent by appellant to appellee and by him signed and returned. The words "for the first crop only" had been interlined in the lease, when produced from the custody of appellant, and appellee contended that this interlineation was written after he signed the lease and without his knowledge. The evidence was conflicting on that subject and this presented a question to be determined by the jury. Moreover, this seed was not obtained by appellee till after the commencement of this suit.

The judgment is affirmed.

*Affirmed.*