# Hector C. Fairfowl, Appellee, v. Charles M. Price, Appellant.

1.  COURTS—*jurisdiction over nonresident of county on death of resident defendant.*  Where one defendant in a tort action was a resident of the county and was properly served with process and the other defendant was a resident of another county and was served with process there and the resident defendant died after verdict and before judgment and his death was suggested by plaintiff, the court had jurisdiction to render judgment against the non-resident defendant.

2.  ROADS AND BRIDGES—*sufficiency of evidence of control of premises.*  In an action for personal injuries sustained by a blind man in falling into a basement through an opening in a sidewalk, evidence on the question of defendant's control of the premises, *held* sufficient to support a verdict for plaintiff.

3.  ROADS AND BRIDGES—*when contributory negligence not shown on part of blind man falling into opening in sidewalk.*  In an action by a blind man for injuries received in falling into an opening in a sidewalk when a trapdoor covering same was left open, where the evidence showed that plaintiff passed the place and felt a pile of boxes on the sidewalk with his cane and on returning changed his cane to the other hand to avoid running into the boxes, it cannot be said that there was insufficient proof of due care ·on the part of plaintiff, especially when the jury found in his favor.

4.  INSTRUCTIONS—*when not erroneous as ignoring element.*  In an action for personal injuries, an instruction in which the basis of recovery was laid on proof that plaintiff was injured through the negligence of defendants under the facts and circumstances surrounding the injury as laid in the declaration, and each count alleged, in substance, that plaintiff was injured while using due care for his own safety, was not subject to the criticism that it ignored the question of due care on the part of plaintiff.

5.  INSTRUCTIONS—*when properly refused on duty to consider interest of party in weighing testimony.*  In an action for personal injuries between individuals, all of whom testified, the court. properly refused an instruction by which the jury would have been told to take the interest of plaintiff into consideration in weighing his testimony.

6.  INSTRUCTIONS—*when properly refused as covered by others given.*  It is not error to refuse to give instructions on questions which were fully covered by instructions given at the request of appellant.

7. INSTRUCTIONS—*when requiring proof of material allegations properly refused.* In an action of trespass on the case, plaintiff was required to prove only sufficient of the material allegations in some one count to establish his case, and a request to instruct that he must prove all the material allegations in some count was properly refused, especially where the instruction as requested did not purport to give all the material allegations and would have required the jury to look to the declaration to discover the other material allegations.

8. INSTRUCTIONS—*when instruction reciting inconsequential facts properly refused.* In an action for personal injuries due to acts of defendants' agent where, in instructions given, the facts necessary to be proven to make defendants liable for the acts of their agent were set forth, it was not error to refuse instructions requested in which were recitals of facts the proof of which alone would not render defendants liable.

Appeal from the Circuit Court of Marion county; the Hon. WILLIAM B. WRIGHT, Judge, presiding. Heard in this court at the October term, 1920. Affirmed. Opinion filed March 30, 1921.

GEORGE L. ORE and CHARLES H. HOLT, for appellant.

GEORGE W. SMITH and ELBERT B. VANDERVORT, for appellee.

MR. PRESIDING JUSTICE EAGLETON delivered the opinion of the court.

The appellant, Charles M. Price, and Clyde L. Price, now deceased, were engaged as partners in business under the firm name of "Sanitary Grocery" at the southeast corner of the intersection of Main and Broadway streets in Salem, Illinois.

The building in which the business was conducted was two stories high, 90 feet long north and south and 20 feet wide with a basement the full length and width of the building. The firm occupied the north 60 feet of the first floor of the building as its place of business and used the basement under the same as a wareroom. Immediately south of the storeroom was a stairway about 5 feet wide leading from the street

on the west to the second story of the building. South of the stairway was a small room occupied as a millinery store and south of that was a place of business occupied by C. H. Holt, both of the last mentioned rooms being on the first floor of the building. Under the millinery room was a room in the basement in which was kept the furnace used in heating the building.

At the south end of the part of the basement used by the Sanitary Grocery was a brick wall separating that part of the basement from the furnace room.

From a point approximately even with the south side of the millinery store to a point 20 feet north thereof, an excavation has been made under the sidewalk. This excavation is about 7 feet deep and the width of the sidewalk and has a granitoid floor and is used in part, at least, for a coal room. At the south end of the coal room is a trapdoor and stairway leading from the sidewalk to the coal room and the furnace room and a small window at the south end of the basement used by the Sanitary Grocery that opened into the coal room. The trapdoor when closed was level with the sidewalk and was opened by raising back against the building. Above the window between the coal room and the part of the basement used by the Sanitary Grocery was an iron grating which was sometimes removed and skids laid from the sidewalk into the basement of the grocery store and articles taken into or removed from the basement.

On July 7, 1919, the door at the stairway leading from the sidewalk to the coal room and furnace room was open and the appellee, Hector C. Fairfowl, who was 68 years old and had been blind since he was 6 weeks old, was going north, fell into the opening and was severely injured. Suit was brought against the appellant and Clyde L. Price in which the defendants were charged with negligence in leaving said door open and that while the plaintiff was using due

care for his safety he fell into the hole and was thereby injured. To the declaration the defendants filed a plea of not guilty and a special plea, denying possession or control of the place where the plaintiff was injured.

The cause was tried by a ' jury which found the defendants guilty and assessed the plaintiff's damages at $600. The defendants filed a motion for a new trial. Later an amended motion for a new trial was made in which, among other averments, it was set forth that the defendant Clyde L. Price had died since the filing of the original motion for a new trial and that the said Clyde L. Price was a resident of Jefferson county and had departed this life and that the defendant Charles M. Price was not a resident of Marion county and was not served with process in that county but was served in Fayette county. Thereupon the plaintiff suggested the death of the defendant Clyde L. Price and the amended motion for a new trial was denied and judgment rendered on the verdict against the defendant Charles M. Price.

The grounds on which reversal is urged are that the court did not have jurisdiction to render judgment against the appellant; that the plaintiff did not prove by the preponderance of the evidence that the defendants were in possession or control of the passageway where he was injured and that he was in the exercise of due care; that the court erred in giving one of the instructions asked by the plaintiff and in refusing certain instructions offered by the defendants.

On the question first suggested there was no proof in the record showing or tending to show that the defendant Clyde L. Price was not a resident of Marion county and no effort made to raise that issue until the amended motion for a new trial was filed. In fact he testified he had lived in Marion county since the 1st of March, 1919, while this suit was filed December 8, 1919, and process was served on him on the

next day in Marion county. When the amended motion for a new trial was filed, letters of administration issued by the county court of Jefferson county to George L. Ore on the estate of Clyde L. Price were presented, but this cannot be held to deprive the circuit court of Marion county of jurisdiction. It appears from the record that the appellant was not a resident of Marion county but resided and was served with process in Fayette county, and if the defendants both were nonresidents of Marion county, that issue should have been raised by a plea in abatement.

The question is discussed on the theory that the defendant Clyde L. Price was a resident of Marion county and the appellant a resident of Fayette county, and the claim is made that when the resident defendant died the court could not proceed to judgment against the nonresident. It will be observed that the deceased defendant was not formally dismissed as a defendant but his death suggested.

Section 12 of chapter 1, Hurd's Rev. St. (J. & A. ¶ 12), provides that in the event of the death of one of several defendants, such death may be suggested and the suit proceed as to the other defendant or defendants.

The question here presented is closely akin to the question presented in *Lehigh Valley Transp. Co. v. Post Sugar Co.*, 228 Ill. 121, in which the Supreme Court said:

"The appellant was brought in as a defendant to this suit under section 2 of the Practice Act [now J. & A. ¶ 8543], which authorizes the plaintiff to commence his action against two or more defendants in the county where either defendant resides * * *.

"While a plaintiff will not be permitted to avail himself of the provisions of this Statute by making a resident of a county a defendant to a suit for the mere purpose of conferring apparent jurisdiction upon the courts of that county over persons found in other

counties, yet where, as here, the resident is made a defendant in good faith and under a reasonable belief that a cause of action exists against him, and the nonresident defendants appear and defend the action, under the plain provisions of the statute the court in which the suit is pending has jurisdiction to render judgment against the nonresident defendants, even though the court directs a verdict in favor of the resident defendant.''

The same holding is made in *Williams v. Morris*, 237 Ill. 254.

Under these authorities the court had jurisdiction of the appellant when it rendered judgment.

On the question as to the proof that the defendants were in possession or control of the place where the injury occurred: Ed. Sullens testified he saw a boy named Rogers open the cellar door and go down in the basement and that he did not see the boy come out. Rolla Rogers testified he was working for the defendants as a delivery boy at the time the appellee was injured, and Mrs. Ada Atwood testified she passed the place where the appellee was injured about one-half hour before he was injured; that a boy was in the basement pushing crates on the walk. Charles H. Holt testified he saw Rogers and one Sanders go in and out of the door on that morning two to three times at least, and had seen them doing the same thing on other occasions. C. O. Long testified he saw one of the defendants coming out of the basement by the entrance in question and that he was carrying berries, or something of that sort. This is substantially all the evidence offered by the plaintiff on this proposition. On behalf of the defendants, Rolla Rogers testified he did not open the trapdoor in question on any occasion; that he was in there cleaning up the basement on the morning of the accident and saw some banana crates in the coal bin and went into the coal bin, got the crates and took them over to the stairway and went out at the door,

The defendants testified they had no control over the coal room or the entrance thereto. This presented a question for the jury, and it does not clearly appear that the verdict on this issue is not supported by the weight of the evidence and consequently that verdict will not be disturbed.

There is evidence in the record tending to show that the defendants had banana crates piled on or near the edge of the sidewalk opposite the entrance in question. The plaintiff testified that, being blind, in going about he guided himself with a cane, and as he was walking north with his cane in his left hand he struck a pile of boxes with the cane; that later he returned going south and carried the cane in his right hand; that he did not know whether the boxes were removed or not and that he was carrying his cane in his right hand to avoid striking the boxes and falling. At this point the plaintiff was injured and remembered nothing of the injury or being taken home. Mrs. Atwood also testified about the boxes and Floyd Tully, an eyewitness, testified the plaintiff was walking with his cane in front of him when he stepped in the hole. It cannot be said that this is not sufficient proof of due care on the part of the plaintiff, especially when the jury so found.

The instruction given at the request of the plaintiff about which complaint is made was the second. It is argued this instruction ignores the question of due care on the part of the plaintiff. In this instruction the jury were told that the plaintiff must prove his case as laid in the declaration, or some count thereof, by the greater weight of the evidence, and if they believed from the preponderance of the evidence that the injury to the plaintiff was caused by or through the negligence of the defendants under the facts and circumstances alleged in the declaration, or some count thereof, the plaintiff was entitled to recover. It will be observed that the basis of recovery is laid

on the proof that the appellee was injured through the negligence of the defendants under the facts and circumstances surrounding the injury as laid in the declaration. Each count alleged, in substance, that the plaintiff was injured while passing along and upon said sidewalk and while using due care and caution for his own personal safety. This met the require-ments of the law in that it required the plaintiff to prove by the preponderance of the evidence that the plaintiff, while using due care for his safety, was in-jured by the negligence of the defendants, and the instruction is not obnoxious to the criticism made.

The court gave thirteen instructions at the request of the defendants. Three of the instructions given at the request of the defendants advise the jury as to the liability of the defendants for the acts of a servant substantially as follows:

That before they could find either of the defendants guilty the plaintiff must prove by a preponderance of the evidence that the defendants' servant at the time of committing the acts charged was acting as agent of the defendants and in the scope of his em-ployment or apparent pursuit of his masters' busi-ness; that the defendants knowingly permitted their servants to use the trapdoor, or that they could have known by the use of reasonable diligence, and that the servant of the defendants, while in the line of his duty and the discharge of the business of the de-fendants, opened the trapdoor in question and left it open and that his act in opening the trapdoor and leaving it open was the cause of the injury.

As to the refused instructions, the action of the court was proper as to the third for the reason this was a suit between individuals, all of whom testified, and by the instruction as offered the jury would have been told to take into consideration the interest of the plaintiff in weighing his testimony. *Chicago & E. I. R. Co. v. Burridge,* 211 Ill. 9; *Korn v. Chicago*

*Rys. Co.,* 271 Ill. 329. The fourth was on the question of due care of the plaintiff and was fully covered by an instruction given at the request of the defendants. The eighth contained the statement that before the plaintiff could recover he must prove by the greater weight of the evidence all the material allegations in some count in the declaration, and stated some of those allegations. This is an action of trespass on the case, and to warrant a recovery the plaintiff was only required to prove sufficient of the material allegations in some one count to establish his case. In addition to that, the instruction as offered, not purporting to give all the material allegations, would require the jury to look to the declaration to discover the other material allegations.

As to the other refused instructions, the principles of law therein stated were stated in instructions given at the request of the defendants. In the instructions as given the facts necessary to be proven in order to make the defendants liable for the acts of their agent were set forth and in the instructions refused were recitals of the facts the proof of which alone would not render the defendants liable. Under these circumstances the refusal to give the instructions as offered was not error.

Finding no reversible error in the record the judgment of the trial court will be affirmed.

*Affirmed.*