## Eugene Pitts, Appellee, v. Oscar F. Ross and Delia Ross, Appellants.

### Gen. No. 7,881.

1. SET-OFF, COUNTERCLAIM AND RECOUPMENT—*right of wife to set off damages in action against herself and husband.* In action against wife and husband by osteopath and midwife for services to wife, the wife was not deprived of her legal right of recoupment for damages resulting to her from negligence of the plaintiff by the fact that her husband was jointly liable with her for claims, nor by the fact that the husband may have discharged some of the liabilities necessarily incurred by her as a result of the alleged negligence.

2. SET-OFF, COUNTERCLAIM AND RECOUPMENT—*unliquidated damages may be set off as counterclaim.* In action for services as osteopath and midwife wherein wife claimed damages from negligence of plaintiff, the fact that the damages were unliquidated was not a legal obstacle to their allowance as a counterclaim, the counterclaim growing out of the same subject matter made the legal basis of plaintiff's claim.

Pitts v. Ross et al., 238 Ill. App. 516.

Appeal by defendants from the Circuit Court of McLean county; the Hon. EDWARD BARRY, Judge, presiding. Heard in this court at the April term, 1925.   Reversed and remanded.   Opinion filed October 27, 1925.

FOSTER & MORRISSEY, for appellants.

A. E. & R. C. DeMANGE, for appellee.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

In this case the appellee, Eugene Pitts, sued the appellants, Oscar F. Ross and Delia Ross, husband and wife, to recover $113.50 for services, which it is alleged were rendered for the family of the appellant by the appellee as osteopath and midwife. Fifty dollars of the amount claimed to be due is a charge for services rendered to the wife, Delia Ross, while in confinement during childbirth.   The suit was commenced before a justice of the peace in McLean county and a judgment was rendered in favor of the appellee, from which an appeal was taken to the circuit court and thereupon a jury trial *de novo* was had.   At the conclusion of all the evidence the court directed a verdict in favor of the appellee for $113.50, and rendered judgment against the appellant for that amount. This appeal is prosecuted from the judgment.

The principal error assigned as a ground for reversal of the judgment is the action of the court in directing the verdict.   A number of witnesses were called on the part of the appellants, and the testimony of these witnesses tends to show that the appellee in rendering his services to the appellant Delia Ross, during childbirth, did not exercise reasonable care and skill, and that his failure to do so caused her severe pain and suffering; and it also tends to show that the appellee was negligent in not applying the customary antiseptic precautions and generally recognized method in removing the placenta after childbirth, and that this negligence resulted in causing the appellant Delia

Ross to become ill from septic infection, and caused hemorrhage of the uterus; and that it subsequently necessitated an operation to be performed on her. There was also some evidence that tended to show that the appellant Delia Ross suffered some pecuniary damages. We are of opinion that the evidence referred to, which was competent and properly admitted, constituted a proper matter to be considered by the jury on the question of recoupment against appellee's claim for the services rendered. *Howell v. Goodrich*, 69 Ill. 556; *Hutchinson v. Nettleton*, 175 Ill. App. 277; *Ritchey v. West*, 23 Ill. 385; *McNevins v. Lowe*, 40 Ill. 209. The wife is not deprived under these circumstances of her legal right of recoupment for the damages resulting to her by the fact that her husband is made jointly liable with her for claims of this kind, nor by the fact that the husband may have discharged some of the liabilities necessarily incurred by her as a result of the alleged delinquencies in rendering services of this character. The counterclaim of recoupment grows out of the same subject matter which is made the legal basis of appellee's claim. It is true that the husband is jointly liable, but only for the amount which the wife is liable for; hence any counterclaim which the wife may have, growing out of the subject of the suit, such as counter services rendered, or damages suffered for wrongful acts in connection with the services rendered, are competent proof to determine what amount, if any, is recoverable from the wife. Nor is the fact that the damages are unliquidated a 'egal obstacle to their allowance as a counterclaim. *South Chicago City Ry. Co. v. Workman*, 64 Ill. App. 383. The legal situation of the parties is the same as in a suit against a principal debtor and his sureties, and in such a situation a counterclaim of the principal would be a proper set-off. *Himrod v. Baugh*, 85 Ill. 435; *Hayes v. Cooper*, 14 Ill. App. 490.

For the reasons stated we are of opinion that the question of the merits of the claim of the appellant

Delia Ross should have been submitted to the jury, and that it was therefore error to direct a verdict. The judgment is reversed and the cause remanded.

*Reversed and remanded.*