Victor B. Engstrom, Appellant, v. Emma Olson, Appellee.

Gen. No. 7,897.

Opinion filed April 18, 1928.

EARLY & EARLY, for appellant; FRANK P. NORTH, of counsel.

LARGE & RENO, for appellee; WILBUR E. JOHNSON, of counsel.

MR. JUSTICE BOGGS delivered the opinion of the court.

Appellant sued appellee and Willard Carlson, her son, before a justice of the peace of Winnebago county, to recover damages to his automobile, resulting from a collision between it and an automobile owned by appellee and being operated by her said son. An appeal was taken from the judgment of the justice court to the circuit court.

On the trial in the circuit court, the defendant Willard Carlson testified that the car driven by him was owned by appellee, his mother. Over objection, he also testified that the damages sustained by the car driven by him had been repaired at a cost of $180, which he paid. At the close of the evidence, on motion of appellant, the suit was dismissed as to Willard Carlson. A verdict was returned find-

ing appellee not guilty, and judgment was rendered thereon. To reverse said judgment, this appeal is prosecuted.

The principal ground relied on for a reversal is that the trial court erred in allowing appellee to introduce evidence of the damages to her car, and in submitting a form of verdict permitting a recovery in her favor.

Paragraph 54 of the Justices and Constables Statute, Cahill's St. ch. 79, ¶ 54, provides:

"In all actions which shall be commenced before a justice of the peace, each party shall bring forward all his demands against the other existing at the time of the commencement of the action, which are of such a nature as to be consolidated, and which do not exceed two hundred dollars when consolidated into one action or defense, and on refusing or neglecting to do so shall forever be debarred from suing therefor."

The question before us is whether, in an action before a justice of the peace for damages to property, resulting from a collision, the defendant may set off damages claimed to have been sustained by him in the same collision.

"A set-off or counter-claim, at least in the sense in which those words are understood in this State, can be pleaded only where there is an indebtedness from the plaintiff to the defendant which might be made the subject of an independent suit, and filing a plea of set-off is tantamount to the institution of a cross-action by the defendant against the plaintiff in the same proceeding." *Litch v. Clinch*, 136 Ill. 410–424; *Albrecht v. Dillon*, 224 Ill. App. 421–423.

"The words 'claim or demand,' as used in the seventeenth section of the practice act, embrace all cases arising out of contracts or agreements, express or implied." *Nichols v. Ruckells*, 3 Scam. (Ill.) 298–300.

"Cases of unliquidated damages, which are sought to be recovered in actions arising from causes purely

*ex delicto* \* \* \* were not intended to be embraced within the terms 'claim or demand,' and which are to be confined to such as arise from 'contracts or agreements, express or implied,' as specified in the section allowing set-offs; and beyond which, being the boundary, we are not to pass." *Edwards v. Todd,* 1 Scam. (Ill.) 462–466.

"Unliquidated damages arising out of covenants, contracts, or torts totally disconnected with the subject matter of the plaintiff's claim, are not such 'claims or demands' as constitute the subject matter of set-off under our Act of Assembly. To give this construction to the statute would invest justices of the peace with full jurisdiction over questions involving the title to and covenants concerning real estate, compel parties to litigate all their rights, of whatever nature or kind, in one action, and result in irremediable injustice and endless confusion." *Hawks v. Lands,* 3 Gilm. (Ill.) 227–232.

In *Bush v. Kindred,* 20 Ill. 93, the court at page 94, in discussing this question, says:

"It was urged that this cause of action was barred by the plaintiff's having failed to set off the damages claimed in the suit between the same parties before the justice of the peace. The claim is for unliquidated damages growing out of a breach of contract between the parties; that suit was, upon claims, apparently totally disconnected with this contract, and if the damages claimed in this action were proper as a set-off before the justice, there can be no case in which unliquidated damages, growing out of a breach of covenant, contract, or tort, could not be set off. \* \* \* It is manifest that the legislature never intended to confer such jurisdiction upon justices of the peace."

In *Robison v. Hibbs,* 48 Ill. 408, the plaintiff brought suit before a justice of the peace for the balance of an account due to him. The defendant there attempted to set off an amount claimed by him as damages result-

ing from a trespass on his land by the plaintiff. The court in discussing this question, at page 410, says:

"We know of no case in which damages, growing out of a trespass or tort, may be set off, although it might be, if the parties were to agree upon the amount and the tort feasor were to agree to pay the sum to the injured party." Citing *Hawks v. Lands, supra,* and *Sargeant v. Kellogg,* 5 Gilm. (Ill.) 273.

*Sinamaker v. Rose,* 62 Ill. App. 118, was an action in replevin and trover, begun before a justice. The defendant attempted to set off an amount owing to him for storage on the property involved and the court at page 120 says: "It is true that a set-off can not be allowed in an action of tort."

In *Turgrinson v. Meyer,* 155 Ill. App. 553, suit was brought before a justice of the peace for the balance due on four notes secured by chattel mortgage given by the defendant. On the trial, the defendant attempted to set off damages claimed under section 2, chapter 95 of the statute, Cahill's St. ch. 95, ¶ 28, which provided that, where property was sold under a chattel mortgage, the mortgagee must give notice of the sale, etc., and on his failure so to do, "the owner of said property may sue for and recover one-third of the value of the property so sold from the mortgagee or the person making said sale as assignee of said mortgagee." The court at page 554 says: "This injected into the case a claim for unliquidated damages. This was in no way so connected with the claim in suit as to make it a proper subject of a cross-action or set-off."

To the same general effect is the decision of this court in *Hartshorn v. Kinsman,* 16 Ill. App. 555–558, and of the Appellate Court for the third district in *Caldwell v. Evans,* 39 Ill. App. 613–615.

From the review of the foregoing authorities, it follows: (1) That a set-off can only be allowed where the original cause of action is based on a contract,

express or implied, and the set-off sought to be made must be on a contract, express or implied; (2) that in a suit based on a contract, express or implied, damages, either liquidated or unliquidated, growing out of the same transaction, may be recouped; and (3) in a tort action, there can be neither a set-off nor a recoupment.

Counsel for appellee, in support of the ruling of the trial court, cite and rely on *Lathrop v. Hayes,* 57 Ill. 279; *Howell v. Goodrich,* 69 Ill. 556; *Heenan Mercantile Co. v. Welter,* 144 Ill. App. 279; *McWilliams v. Lavell,* 175 Ill. App. 165; *Pitts v. Ross,* 238 Ill. App. 516.

*Lathrop v. Hayes* was a case involving an action by the plaintiff on a verbal contract with the defendant, and a counteraction by the defendant on an account owing by the plaintiff. What is there said can have no application to an action of the character here involved.

*Howell v. Goodrich* was an action by a physician to recover for services performed for the defendant, and the question involved was whether the defendant could set off a claim for malpractice. The court at page 558 says:

"Under the evidence, it is unnecessary to consider the point, whether the question of malpractice was necessarily in issue before the justice, so that the recovery there would be a bar, even if the defense of malpractice had not been set up, * * * or whether * * * the defendant in such case ought to have an election whether he will recoup his damages arising from the breach of the contract committed by the plaintiff, or bring a cross action. * * * There can be no doubt that the latter (the defendant) was entitled, if he so sought, to recoup in that suit whatever damages he might have sustained from unskilful treatment to the extent of the claim sued for, in order to lessen or defeat a recovery."

The language there used does not support appellee's contention, as the court holds that the set-off, if claimed, would be founded on the plaintiff's alleged breach of the contract sued on, and that this could only be shown in recoupment, "to lessen or defeat a recovery."

*Heenan Mercantile Co. v. Welter* was an action on account, with a counterclaim for wages due, and has no application here.

*Pitts v. Ross* was an action to recover for osteopathic services. The court cites and follows *Howell v. Goodrich, supra,* and holds that the defendants were entitled to recoup their damages "as a result of the alleged delinquencies in rendering services of this character. The counter-claim of recoupment grows out of the same subject matter which is made the legal basis of appellee's claim."

Appellant's contention that a claim for unliquidated damages cannot be set off in a tort action is supported by the weight of authority, and by sound reasoning. They are not "such claims as may be consolidated in one action or defense."

If both parties in an automobile collision are guilty of negligence which contributed to the same, there can be no recovery by either party. Before either party to a collision can recover against the other, that party must affirmatively prove negligence on the part of the other which proximately contributed to the collision, and due care on his own part just prior to and at the time of the collision. The character of proof necessary to sustain an action in an automobile collision can only be made by one party. There can therefore be no set-off or recoupment of damages by the other.

Appellee did not testify. Her son testified that the damages to appellee's car were repaired, and the repairs were paid for by him. He was thereafter dismissed from the case. The dismissal of said cause

as to the defendant Willard Carlson disposed of any claim of set-off, if one were permissible. If a motion had been made thereafter to exclude from the consideration of the jury any evidence of a set-off, the court should have allowed such motion.

As there was no evidence tending to establish any claim of set-off as to appellee, the remaining defendant, the court erred in submitting to the jury a form of verdict permitting a recovery by her.

Counsel for appellant also contend that the court erred: (1) In admitting evidence of a set-off without previous written notice thereof; (2) conceding that the set-off was permissible, no competent proof was made as to the damages sustained by appellee. In view of what we have already said, it will not be necessary for us to discuss these propositions.

Counsel for appellant also contend that the court erred in refusing appellant's sixth instruction. This instruction, while in the main stating a correct principle of law, is so loosely and inartificially drawn that the court did not err in refusing the same.

It is also contended that the court erred in giving the third instruction given on behalf of appellee, as follows:

"The jury are instructed that while the law permits the plaintiff in the case to testify in his own behalf, nevertheless, the jury have the right, in weighing his evidence, to determine how much credence is to be given it, and to take into consideration that he is the plaintiff and interested in the result of the suit, together with all the facts and circumstances proven in the case."

Counsel for appellee, in support of this instruction, insist that the refusal of a like instruction was held reversible error in *West Chicago St. R. Co. v. Dougherty,* 170 Ill. 379, and in *Chicago & E. I. R. Co. v. Burridge,* 211 Ill. 9. In both of these cases, a corporation was the defendant. Here, however, both of the

defendants were natural persons, and one of them testified on the trial. The court therefore erred in singling out the plaintiff and directing the attention of the jury to his interest in the result of the suit. *Chicago & E. I. R. Co. v. Burridge, supra,* 13; *Hartshorn v. Hartshorn,* 179 Ill. App. 421; *Purgett v. Weinrank,* 219 Ill. App. 28–32; *Fairfowl v. Price,* 221 Ill. App. 447–454.

It might also be observed that the second and ninth instructions given on behalf of appellee sufficiently advised the jury with reference to taking into consideration the interest of the witnesses testifying, and there was no occasion for further instructions on that feature of the case. *Nau v. Standard Oil Co.,* 154 Ill. App. 421–427.

For the reasons above set forth, the judgment of the trial court will be reversed and the cause will be remanded.

*Reversed and remanded.*