### Robert Kilpatrick v. George E. McLaughlin.

1.  REAL ESTATE BROKER—*When Entitled to Commissions.*—A real estate broker is entitled to his commissions when he has procured a pur-chaser who is ready, willing and able to execute the contract of purchase.

2.  PROPOSITIONS OF LAW—*Should Not Be Submitted to Jury.*—Ques-tions of law should never be submitted to a jury.

Assumpsit, for commissions. Appeal from the County Court of La Salle County; the Hon. H. W. JOHNSON, Judge presiding. Heard in this court at the October term, 1902. Affirmed. Opinion filed January 27, 1903. Rehearing denied April 14, 1903.

BUTTERS & CARR, attorneys for appellant.

E. S. BROWNE and L. O. BROWNE, attorneys for appellee.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

This was an action of assumpsit for commissions on a sale of land brought by George E. McLaughlin against Robert Kilpatrick. The suit was instituted before a justice of the peace in La Salle County. The trial resulted in a judgment in favor of the plaintiff for $50. The defendant appealed to the County Court, where a trial by jury resulted in a verdict and judgment in favor of the plaintiff for $85. The defendant brings the case to this court by appeal. There is a conflict in the evidence as to whether the defendant employed the plaintiff to sell the farm for him. The jury found he did and we have no reason to disturb the finding.

The plaintiff was a real estate agent. The defendant owned and wished to sell a farm of 120 acres at $100 per acre, and went to the plaintiff to converse with him upon the subject. The plaintiff claims that he was employed as a real estate agent or broker to make the sale. Conceding the employment, all that was necessary to entitle the plaintiff to a recovery was to show that he procured a purchaser for the farm at the agreed price, and that the purchaser was ready, willing and able to execute the contract of purchase.

The sale was in fact made at $100 per acre. The farm was conveyed and the defendant received the purchase price. It is urged that the court erred in permitting certain witnesses to testify that the services of the plaintiff were reasonably worth one dollar per acre. It is contended that the proper question should have been what were the reasonable and customary charges for making such a sale.

Kilpatrick v. McLaughlin.

There was proof tending to show that the defendant promised to pay the plaintiff what the services were reasonably worth. With that evidence as a predicate the admission of this testimony was proper. But if not, two other witnesses testified that the reasonable and customary charges for making such sales was at least one dollar per acre, which was the same as the proof as to what it was reasonably worth. So that whichever was proper the defendant was not harmed.

There was other testimony to the effect that the ordinary and customary charges in the locality in question for making sales of farms was from two and one-half to five per cent, which would amount to far more than the plaintiff claimed or the jury awarded as compensation.

Several instructions given at the instance of the plaintiff stated that if the plaintiff was entitled to recover, the jury should assess his damages at such an amount as the evidence showed the services were reasonably worth. It is insisted that the instructions should have stated that the amount of the recovery was limited to the reasonable and customary charges for such services. In view of the fact that the proof showed that the reasonable and customary charges and the amount the services were reasonably worth was the same, the defendant was not harmed by the instructions whether technically correct or not. We find no reversible error in the action of the court in passing upon the instructions.

The defendant in apt time asked the court to submit to the jury the following question of fact:

"Did plaintiff and the defendant enter into a contract whereby the defendant employed and agreed to pay the plaintiff for the sale of the farm in question."

The court refused to submit the inquiry to the jury; the defendant excepted to the ruling and assigns it for error. Questions of ultimate fact only are to be submitted to the jury. The question here under consideration is double. Whether a contract was entered into between the plaintiff and defendant is a mixed question of law and fact. Ques-

tions of law should never be submitted to a jury. The interrogatory was properly refused.

The only defense to the plaintiff's claim is that the defendant did not hire him to sell the farm. The evidence shows the parties were strangers at the time they first met in connection with this transaction. It is unreasonable to suppose that the plaintiff would voluntarily and without consideration devote his time and energies to finding a purchaser for defendant's farm, without any expectation or agreement to receive compensation for his services. The jury determined all issues of fact in favor of the plaintiff. The evidence fully justifies their findings. The defendant has received the full benefit of the plaintiff's services and there is no just reason why he should not pay for them. The judgment of the County Court is affirmed.