Faber v. Vaughan.

---

### George Faber v. F. N. Vaughan et al.

1. REAL ESTATE BROKERS—*When Entitled to Commissions.*—Where real estate is listed with a broker for sale and he procures a purchaser ready, willing and able to take the same upon the terms by which the broker is authorized to make the sale, he is entitled to his commission.

2. APPELLATE COURT PRACTICE—*When Case Will Not Be Reversed for Slight Errors.*—A case will not be reversed for slight errors where the proof shows appellee's demand to be meritorious, and the defense without merit.

Assumpsit.—Appeal from the Circuit Court of Lee County; the Hon. RICHARD S. FARRAND, Judge presiding. Heard in this court at the April term, 1903. Affirmed. Opinion filed June 8, 1903.

C. F. PRESTON, attorney for appellant.

WILLIAM H. WINN and A. G. HARRIS, attorneys for appellees.

MR. JUSTICE BROWN delivered the opinion of the court.

This is a suit for commissions for the sale of real estate. The property in question consisted of a farm of 320 acres situated in Hamilton township in Lee county, Illinois. It was owned by appellant, who entered into a written con-

tract with appellees to sell the same at a commission of $1 per acre. This contract was dated and executed May 17, 1901. On the 18th day of June of the same year appellees, who had previously written to Jasper Seggerman, a resident of Minonk, Woodford county, Illinois, showed him the farm, and within ten days thereafter he purchased it. Appellees were authorized to sell the farm at $62.50 per acre and that was the price at which Seggerman purchased it. Appellant, unbeknown to appellees, had, previous to placing the property in the latters' hands for sale, listed it with his brother, Gilbert Faber, for sale. The brother in turn had listed it with another party, and he with another who resided in the same locality with Seggerman. None of these last mentioned parties had anything to do with showing the farm to Seggerman or inducing him to buy it until after appellees had shown it to him, quoting the price, and he had expressed a desire and willingness to become the purchaser, although he did not then make an offer or expressly say that he would purchase the property. At the meeting between appellees and Seggerman it was understood that they were to subsequently meet with reference to the negotiations, but by reason of a combination of circumstances explained in the evidence, which it is unnecessary to detail in this opinion, they never met again with reference to the sale of the farm in question. After appellees had shown the farm to Seggerman as above stated they telephoned Faber, the owner, to get his abstract ready. Ten days after Seggerman had examined the farm in company with appellees the latter learned that Seggerman was again in the locality examining the farm in connection with the agents with whom appellant had previously listed the property for sale. Appellees called appellant up by telephone and asked him, as they testified, if he had listed the property with any other agents. He replied that he had not. Appellant then informed appellees by telephone that if they had a purchaser they must produce him within two hours or he would sell the property to a person who was there desirous of buying the same. Appellees then stated to appellant that if Seggerman was the party to

whom he was about to make the sale, that they had procured him as a purchaser and would insist upon the payment of their commission. Appellant then and there sold the farm to Seggerman at the price at which he had authorized appellees to sell it and at which they had quoted it to Seggerman. Appellant thereupon paid a commission of $320 to his brother and his sub-agents, and refused to pay appellees anything. This suit was brought, and appellees, who were the plaintiffs in the court below, recovered a judgment for their claim of $320.

It is urged that the judgment of the trial court should be reversed because the verdict is contrary to the evidence, and for the reason that the court erred in passing upon the admission of evidence and instructing the jury.

The law is well settled in this state that if real estate is listed with a broker for sale and he procures a purchaser ready, willing and able to take the same upon the terms by which the agent is authorized to make the sale, the commission of the broker is earned. It is, however, urged by appellant, that where the broker does not effect the sale, and after a proposed purchaser has decided not to buy and other parties induce him to buy, the broker will not be entitled to commission, and that if the relations between the broker and the prospective purchaser are expressly broken off, or an unreasonable length of time elapses between the final efforts of the broker to make the sale and the consummation thereof by another party, and if it also appears that the broker was not the efficient cause of making the sale, or that the purchaser had abandoned all intention which he may have previously entertained, as the result of the effort of the broker to sell the property, the broker is not entitled to a commission. No one will seriously contend with appellant in his advocacy of these propositions of law, but they have no application to the facts and conclusions fairly deducible from the record in this case. It is an undisputed fact that it was through the efforts of appellees that Seggerman, the purchaser, had his attention first directed to this property and visited it, and formed the intention of becoming a purchaser. It can not be held as

a proposition of law that ten days between the first exam-
ination and the purchase of a piece of property quite
remote from the residence of the purchaser, is such a lapse
of time as will necessarily forfeit the right of a broker to
commission. The contention that the purchaser in this
case was lost to appellees and had abandoned all intention
of acquiring the property was unwarranted by the evi-
dence. The proof shows that upon the merits and as a
matter of justice appellees are entitled to their commission.

It is urged that the court erred in sustaining a certain
objection during the examination of Seggerman, the pur-
chaser of the farm. It was sought by appellant to show by
this witness that he had abandoned all intention of purchas-
ing the farm, if any he ever entertained, arising from the
efforts of appellees. We hold that the object sought to be
proven was a proper matter of defense. If appellees by
their efforts had created an intention on the part of Segger-
man to purchase, it was competent for appellant to show
that this intention had been entirely abandoned by Segger-
man, and that his subsequent purchase was the result of the
efforts of others, not appellees. For the purpose of prov-
ing such a state of facts, a question, objectionable in form,
because it was leading, was propounded to Seggerman. It
was objected to expressly upon the ground that it was lead-
ing, and the court sustained the objection. No effort was
made by appellant to follow up his effort to establish
the fact by questions unobjectionable in form. The court
properly sustained the objection and appellant has no just
grounds of complaint.

It is insisted that the court erred in passing upon the
instructions. It is specially urged that the court erred in
giving the first three of appellee's instructions. We find
no error in them. It is true that one of them contains and
is but a recital of an abstract proposition of law. It was
applicable to the case and could have had no misleading
tendency. The instructions as a whole, fully, fairly, and
correctly presented to the jury the law applicable to the
case. And believing, as we do from the whole record, that

the claim of appellees is meritorious and the defense thereto void of merit, if slight errors had intervened on the part of the court in instructing the jury, we would not be inclined to reverse the judgment for that reason. The judgment of the Circuit Court is affirmed.