## Charles P. Packer, for use· of Robert.F. Pettibone, v. Robert D. Sheppard.

### Gen. No. 12,603.

1. PEREMPTORY INSTRUCTION—*when motion for, should be denied.* A motion by the defendant for a peremptory instruction should be denied, if there is evidence which, standing alone, would be sufficient to support a verdict for the complainant.

2. REAL ESTATE COMMISSIONS—*when broker entitled to.* A broker has earned his commission when he has presented a customer whom the owner accepts and evidences such acceptance by entering into an enforceable binding contract. The action of the vendor in releasing a vendee from his contract obligation for reasons suiting his own convenience cannot affect the rights of the broker to recover his commission.

3. REAL ESTATE COMMISSIONS—*when possession of license as real estate broker not material to right to recover.* Where the evidence is silent as to whether a broker was engaged in the real estate business or had made previous sales, it is immaterial whether or not he had a license at the time of the sale in question.

Action of assumpsit. Appeal from the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in this court at the October term, 1905. Reversed and remanded. Opinion filed July 2, 1906.

ROBERT F. PETTIBONE for appellant.

WILLIAM N. COTTRELL and ROBERT L. SHEPPARD, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the ·court.

This is an action brought by appellant to recover commissions on a sale of the Garden City Block realty claimed to have been made by Packer for Sheppard, its owner, to one Columbus F. Griffin, with whom Sheppard entered into a contract of sale. The purchase price was to be $125,000, and Packer claims 2½ per cent. on this amount as due him for his commissions in negotiating the sale. Appellee does not dispute the rate of commission nor the fact that Packer brought Griffin to him as the purchaser,

Packer v. Sheppard.

or that he made the contract of sale appearing in the record, but contends Packer's right to commission is predicated on the sale to Griffin being "accomplished," and that in fact the sale was not accomplished, Griffin being both unwilling and unable to carry out the contract by paying the purchase money.

At the close of all the evidence the court, on the motion of appellee, instructed the jury to find the issues for appellee, which they did, and rendered judgment thereon and for costs against appellant, from which action of the court and judgment this appeal is prosecuted.

If there was evidence sufficient to support a verdict for appellant at the close of his proofs, regardless of the testimony of appellee, the motion should have been denied and the case submitted to the jury. This court is of the opinion, from an examination of the evidence offered on the part of appellant, that a *prima facie* case is made which, uncontradicted, would sustain a verdict and judgment for appellant's claim.

There are many decisions of the Supreme Court defining the rule governing this question, and it is well stated in Frazier v. Howe, 106 Ill. 63. It is held in the Frazier case that it is not the province of the judge to weigh the evidence and ascertain where the preponderance is, but that his duty is limited to determining whether there is or is not evidence fairly tending to prove the fact affirmed, evidence from which, if credited, it may be reasonably inferred, in legal contemplation, the fact affirmed exists, laying out of view countervailing evidence. In Rack v. Chicago City Railway Co., 173 Ill. 289, the court said: "We have nothing to do with any question as to the preponderance of the evidence or the credibility of the witnesses, or the force to be given to the evidence having a tendency merely to impeach the veracity of the witnesses. The only question is whether any evidence was given which, if true, would have tended to support a verdict for the plaintiff." And in Chicago City Ry. Co. v. Martensen, 198 Ill. 11: "If, as contended by counsel for appellant,

the trial court may, at the close of all the evidence, take a case from the jury merely because he regards the clear preponderance of the evidence as being in favor of the defendant, then the right of trial by jury is left to the judgment and discretion of the court, and no one would seriously insist upon such a rule."

The Supreme Court said in Woodman v. Illinois Trust & Savings Bank, 211 Ill. 578, on page 580, in explanation of language used in Simmons v. Chicago & Tomah Railroad Co., 110 Ill. 340, "that 'when the evidence given at the trial, with all inferences that the jury could justifiably draw from it, is so insufficient to support a verdict for the plaintiff that such a verdict, if returned, must be set aside, the court is not bound to submit the case to the jury, but may direct a verdict for the defendant,'" though "capable of being understood as authorizing the court to withdraw a case from the jury, if, upon a consideration of all the evidence it is convinced that a new trial would necessarily have to be granted if a verdict should be returned against the party asking the instruction, the expression in the case cited was used in repudiation of what is known as the 'scintilla rule,' and the correct rule would have been better stated without the expression 'that such a verdict, if returned, must be set aside.' * * * We have always held that the question whether the trial court properly instructed the jury to find for the plaintiff or defendant is one of law, reviewable in this court, and this manifestly could not be true if the ruling of the trial court in any sense depended upon its determination of the weight of the evidence."

The learned trial judge was undoubtedly influenced to give the peremptory instruction asked upon the legal theory that the contract made by appellee with Griffin was not enforceable by appellee against Griffin, as not being a contract of sale, but only an option on the part of Griffin to buy, and that this contract comes within the ruling of Lawrence v. Rhodes, 188 Ill. 96. But such is not the interpretation we place upon the Sheppard-Griffin contract. The

Packer v. Sheppard.

option in this contract is with the vendor, Sheppard. It can be enforced by Sheppard and Griffin compelled by law to perform his covenants of purchase. It is binding on and enforceable against him. True, it might be forfeited by appellee; the option of enforcing or forfeiting rested with appellee, but Griffin was bound to perform if Sheppard chose to hold him to his contract liability.

Under repeated decisions of the Supreme Court a broker is held to have earned his commissions when he has presented a customer whom the owner accepts and evidences such acceptance by entering into an enforceable binding contract. The action of the vendor in releasing a vendee from his contract obligation for reasons suiting his own convenience cannot affect the rights of the broker to recover his commissions. Wilson v. Mason, 158 Ill. 304.

Packer's testimony and the contract of sale made by Sheppard to Griffin being appellant's proof, if uncontradicted, is sufficient to entitle him to recover the amount of commissions claimed.

The record does not show that Packer was in business as a real estate broker at the time of his bringing Griffin to appellee when the contract for the sale of the Garden City Block was made, or that Packer had before that time made any other sales of real estate; therefore it is immaterial whether or not, in this condition of the record, he had a license as a real estate broker under the city ordinance. O'Neill v. Sinclair, 153 Ill. 525, is controlling on this point.

For the error of the trial court in giving the peremptory instruction to the jury to return a verdict for appellee the judgment of the Superior Court is reversed and the cause is remanded to that court for a new trial.

*Reversed and remanded.*