# H. E. Purgett, Appellee, v. Jacob J. Weinrank, Appellant.

## Gen. No. 6,797.

1. PRINCIPAL AND AGENT, § 8*—*what is essential to show agency.* No particular form of words is necessary to constitute an employment as agent.

2. BROKERS, § 93*—*when existence of relation is question for jury.* In a suit to recover for services alleged to have been rendered as real estate agent, where the evidence as to whether or not plaintiff was defendant's agent is conflicting, the question of the existence of the agency is for the jury.

3. BROKERS, § 88*—*what evidence shows existence of relation.* In a suit to recover for services rendered as real estate agent in selling defendant's farm, in which the evidence as to the employment of plaintiff as agent is conflicting, evidence that plaintiff asked defendant what he would take for the farm and let plaintiff sell it for him and that he named a figure, and that plaintiff later informed him that plaintiff had advertised the farm for sale and defendant said "all right," is sufficient to warrant a finding that a contract of agency existed.

4. BROKERS, § 19*—*when employment cannot be revoked.* The principal cannot revoke the agency after the broker has procured a purchaser able, willing and ready to buy.

5. BROKERS, § 88*—*when evidence does not show revocation of authority.* In an action to recover for services as real estate agent, evidence *held* to warrant a finding that the agency had not been revoked.

6. VENDOR AND PURCHASER, § 67*—*when cash payment results from contract.* Where neither the contract of agency for the sale of a farm nor the negotiations with a person desiring to purchase refers to any terms of payment except the price per acre, the terms of payment are cash on delivery of the deed, in the absence of evidence to the contrary.

7. BROKERS, § 38*—*when compensation of broker is earned.* A broker employed by the owner to sell his property earns his commissions if he produces, within the time limited by his authority, a purchaser who is ready, willing and able to purchase the property upon the terms proposed by the owner, even though the owner refuses to perform.

8. BROKERS, § 64*—*what is amount of compensation when not

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

*specified.* A broker employed by the owner to sell his property who has produced within the time set, a purchaser ready, willing and able to purchase on the owner's proposed terms is entitled, where the employment does not fix his compensation, to the usual and customary reasonable compensation for the services performed.

9. INSTRUCTIONS, § 88*—*when instruction as to evidence is erroneous.* In a suit by one natural person against another, it is not error to refuse to instruct that "while the law permits the plaintiff in the case to testify in his own behalf, nevertheless, the jury has the right, in weighing the evidence, to determine how much credit is to be given to it and to take into consideration that he is the plaintiff and interested in the result of the suit."

Appeal from the Circuit Court of Iroquois county; the Hon. FRANK L. HOOPER, Judge, presiding. Heard in this court at the April term, 1920. Affirmed. Opinion filed June 29, 1920.

PALLISSARD & BENJAMIN, for appellant; A. F. GOODYEAR, of counsel.

W. E. LEWIS and STEPHEN C. MALO, for appellee.

MR. JUSTICE HEARD delivered the opinion of the court.

Appellee brought suit in assumpsit in the circuit court of Iroquois county against appellant for services alleged to have been rendered for appellant by appellee as a real estate agent. A trial by jury resulted in a verdict for $480 in favor of appellee. Judgment was rendered on the verdict and from this judgment appellant appeals.

It is first contended by appellant that there was no contract of agency between appellant and appellee.

Appellee was engaged in the restaurant business in the Village of Woodland, but devoted a portion of his time to the real estate business. Appellant was the owner of a 240-acre farm and resided thereon, about one and one-half miles from Woodland.

On the evening of Saturday June 7, 1919, appellant

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

came to appellee's place of business. According to the testimony of appellee, he said to appellant "Jake, what will you take for your farm out there and let me sell it for you?" to which appellant replied, "$200 an acre." Appellant denies that the words "and let me sell it for you" were used by appellee but appellee is corroborated by a witness Ross Garfield who was present and took some part in the conversation. Appellee in that conversation told appellant of a farm he had sold and of other farms he had in the neighborhood for sale and had had some conversation as to the commission he was deriving from sales. Appellee advertised the farm for sale in a local paper and testified that on the following Tuesday or Wednesday he told appellant that he had done so and that appellant said "all right." This is denied by appellant.

No particular form of words is necessary to constitute an employment as agent. It was for the jury to determine from the evidence which party was telling the truth, and if they believed appellee's version of the conversation they were warranted in finding that a contract of agency had been entered into by the parties.

It is next contended that appellee did not produce a purchaser who was able, ready and willing to purchase the farm on terms satisfactory to appellant.

On June 14 appellee priced the farm to Oliver Gray at $200 per acre, and after some consultation with O. L. Gray, his father, Oliver Gray informed appellee that he and his father would take the farm at the price asked. On the following Monday appellee and Oliver Gray went to appellant's home and informed him that they were ready to take the farm, when appellant refused to sell for $200 an acre, assigning as a reason that he had learned that there was a boom on in land and that prices were going up rapidly.

Appellant contends that prior to being informed by appellee that he had found a purchaser for the farm

the agency had been revoked. There is a direct conflict in the testimony on this point. Appellee was partially corroborated by the witness, Stone. The principal cannot revoke the agency after the broker has procured a purchaser, able, ready and willing to buy. 19 Cyc. 193. The jury were warranted in finding from the evidence, as they evidently did, that the agency had not been revoked.

In neither the contract of agency nor the negotiations with the Grays were any terms of payment mentioned other than $200 per acre. In the absence of any evidence to the contrary this would be an agreement to pay cash on the delivery of the deed. Gray testifies that they were ready and willing to take the farm and were able to pay the cash therefor.

In *Fox v. Ryan*, 240 Ill. 391, it was said: "Where a broker is employed to sell property by the owner, if he produces a purchaser within the time limited by his authority who is ready, willing and able to purchase the property upon the terms proposed by the seller he is entitled to his commissions, even though the seller refuses to perform the contract on his part. In such case, however, it is necessary for the broker to prove the readiness, willingness and ability of the purchaser to take the property on the terms proposed." This rule was followed by this court in *Faber v. Vaughan*, 108 Ill. App. 553; *Kilpatrick v. McLaughlin*, 108 Ill. App. 463, and in other cases.

There was no compensation for appellee's services fixed by the parties, but the evidence showed the usual, reasonable and customary commission for real estate sales at the time and place in question was $2 per acre, and that there were 240 acres in the farm.

In *Monroe v. Snow*, 131 Ill., on page 136, the rule in this class of cases is laid down as follows: "A real estate broker employed to make sale of land, who finds a purchaser at the price fixed by the owner, who is ready, able and willing to take a conveyance and pay

the purchase price, has earned the compensation agreed to be paid him; or if the compensation is not fixed by the parties, he will be entitled to recover the usual and customary reasonable compensation for the service performed.'' Applying the above rule to this case, we are of the opinion that the jury were fully warranted in arriving at the verdict which they found.

Appellant assigns as error the giving of appellee's third and fourth instructions. These instructions were in strict conformity to the views above expressed and their refusal would have been error.

Appellant complains of the refusal of the court to give the following instruction:

''The jury are instructed that while the law permits the plaintiff in the case to testify in his own behalf, nevertheless, the jury has the right, in weighing the evidence, to determine how much credit is to be given to it and to take into consideration that he is the plaintiff and interested in the result of the suit.''

*Chicago & E. I. R. Co. v. Burridge,* 211 Ill. 9, and *West Chicago St. R. Co. v. Dougherty,* 170 Ill. 379, are cited by appellant as holding the refusal of this instruction to be error. Both of these cases were suits of individuals against corporations and not suits between individuals. In *Chicago & E. I. R. Co. v. Burridge, supra,* in commenting on the refusal of the court to give this instruction, it was said: ''It is urged that the instruction was properly refused for the reason that it identifies and singles out the plaintiff. Had the suit been against a natural person and had both plaintiff and defendant testified, this objection would be good.'' In *Hartshorn v. Hartshorn,* 179 Ill. App. 421, in passing upon an instruction substantially the same as the one in question, this court made a careful review of the authorities and said: ''The instruction is erroneous if both plaintiff and defendant are natural persons and have testified, because it singles out the testimony of one party and makes no

reference to the testimony of the other equally interested party, and it is calculated to lead the jury to understand that the court considers that there is some reason why the evidence of the party referred to in the instruction is specially subject to criticism and should be particularly scrutinized by the jury. In the cases where the instruction was held good, the defendant was a corporation and could not testify, and asked the instruction, and any instruction in regard to the evidence of the parties could only apply to the one who was capable of testifying and who had testified, and even if the instruction had been made general in terms, it would be understood by the jury to apply only to the plaintiff, who had testified and for that reason it was not error to give the instruction which specially referred to the plaintiff.'' The refusal to give this instruction was not error.

Complaint is made of the court's modification of instructions and refusal to give others. The action of the court in these respects was in conformity with the views expressed in this opinion.

We find no reversible error in the record and the judgment of the circuit court is affirmed.

*Affirmed.*