Mabel Mary Doss, Executor of Last Will and Testament of John Doss, Deceased, Plaintiff-Appellant, v. Chester E. Kirk, and Velma M. Kirk, Defendants-Appellees.

**Gen. No. 10,022.**

Third District.

February 14, 1956.

Released for publication March 1, 1956.

Dwight H. Doss, of Monticello, for appellant.

Edie & Corbett, of Monticello, for appellees; Burl A. Edie, of Monticello, of counsel.

JUDGE CARROLL delivered the opinion of the court.

In this action, John Doss, a real estate broker, sought to recover a commission which he claimed to have earned by procuring a purchaser for certain real estate of the defendants.

The Court heard the cause and at the close of plaintiff's case entered judgment for defendants on their motion.

During the pendency of the cause in this Court, John Doss, the original plaintiff, departed this life testate, and Mabel Mary Doss, Executor of his Last Will and Testament has been substituted as plaintiff.

On this appeal plaintiff contends that the evidence made a prima facie case and that the Trial Court erred in allowing defendants' motion.

■ The motion to find for the defendants involves solely the sufficiency of the evidence to sustain a finding against the defendants and consequently raises only a question of law. Allowance of the motion did not constitute an adjudication of the issues of fact. Anderson v. Board of Education of School Dist. No. 91, 390 Ill. 412.

Defendants' position appears to be that plaintiff failed to establish the existence of a contract of employment between the parties and that if any such contract was proven then plaintiff's evidence shows the same to have been abandoned or revoked.

The facts are that decedent was engaged in the real estate business in Monticello, Piatt County; that the defendants, who are husband and wife, knew him to be so engaged; that on May 8, 1954, defendants owned and occupied a certain residential property in Monticello; that on said date while decedent was showing defendants other residence property which they were interested in purchasing, defendant, Velma Kirk, in the presence of her husband, said to decedent "have you got anybody interested in our house?"; that later

in a conversation with decedent the defendant, Chester E. Kirk, said to him "if you have got somebody who will give $16,000 let them look at it"; that a few days later decedent with the knowledge and consent of defendants showed the Kirk property to L. D. Dalton, a prospective purchaser; that on May 16, 1954, Dalton made an offer to decedent of $12,500 for the property; that decedent submitted such offer to the defendants; that the defendant Chester E. Kirk thereupon said to decedent "I would not take that, just take it off your list, just take it off your list right away"; that decedent told Dalton that defendants had refused to consider his offer; that defendants then negotiated directly with Dalton and on May 22, 1954 sold the property to him for $15,000; and that no one other than decedent and defendants had any contacts with Dalton in the negotiations concerning the sale of the property.

It is the settled law that to create the relationship of agency between a broker and the owner of property, a contract of employment is necessary. However, no particular form is required in such contract and ordinarily all that is necessary is that the broker act with the consent of his principal whether such consent is given by written instrument, orally, or by implication from the conduct of the parties. I.L.P. Brokers Sec. 22; Greenwald v. Marcus, 3 Ill.App.2d 495. Purgett v. Weinrank, 219 Ill. App. 28.

The evidence in this case would seem to leave little doubt as to the fact that a contract of employment existed between plaintiff's testate and the defendants. The evidence shows that defendants, knowing the decedent to be a real estate broker initiated a series of events which lead to the controversy involved herein when they told decedent that he could show their house to prospective purchasers and their price

was $16,000. The subsequent conduct of the parties indicates no misunderstanding concerning the fact that defendants had placed their house with plaintiff for sale at the price named. Decedent, with the knowledge of defendants did exhibit the house to Dalton, whose interest in purchasing the property is evidenced by his offer which decedent conveyed to defendants. Further convincing proof of the existing contract of employment between the parties is found in the testimony of decedent that defendant Chester E. Kirk told him to take the property "off his list." Such statement from the defendants can only be interpreted to mean that they acknowledged the fact that they had listed their property for sale with the decedent as their agent. If decedent was not their agent, as defendants argue, there would have been no need for defendants to request that he remove the property from his list. We think this evidence must be regarded as tending to prove that decedent acted with the consent of the defendants.

The only other question remaining for consideration is whether plaintiff was the procuring cause of the sale made by the defendants to Dalton. The evidence on that issue is that decedent produced Dalton as a prospective purchaser; that defendants came into contact with Dalton on May 13 when he was being shown through the house by plaintiff; that after making the offer of $12,500 which was refused, Dalton and the defendants continued negotiations which ended in the sale of the property to Dalton; that the sale contract between defendants and Dalton was executed six days after the defendants refused Dalton's first offer.

██ Where a real estate broker shows that he has been instrumental in bringing parties together and the transaction is consummated, he is to be regarded as the procuring cause of the sale and entitled to his

commission. Crilly v. Young, 152 Ill. App. 72; Camp v. Hollis, 332 Ill. App. 60. It is sufficient if the sale is effected through the efforts of the broker or through information derived from him. Hafner v. Herron, 165 Ill. 242; Hawkins v. Taylor, 186 Ill. App. 355. Application of the above rules to the evidence in the instant case would seem to compel the conclusion that plaintiff adequately met the burden resting upon him of introducing proof showing that the sale of defendants' property resulted from decedent's efforts in bringing the defendants and the purchaser together. This proof shows that decedent produced Dalton who was interested in purchasing the defendants' property and any information which defendants had concerning such purchaser came from the decedent. Since the evidence further shows a sale to have been made by defendants to Dalton within a few days after decedent communicated his offer to defendants, there can be no question concerning the willingness or ability of Dalton to purchase the property. Under the particular facts of this case the test is whether the sale of defendants' property as consummated resulted from decedent's efforts in bringing the purchaser and the defendants together. We think plaintiff's evidence met such test and accordingly plaintiff made out a prima facie case.

The judgment of the Circuit Court is reversed and the cause remanded with directions to overrule defendants' motion.

Reversed and remanded with directions.