Margaret Moehling, Plaintiff-Appellee, v. Joseph M. Brickman, Individually, and d/b/a Joseph M. Brickman Investment Co., Defendant-Appellant.

Gen. No. 51,410.

First District.

June 24, 1968.

Rehearing denied September 18, 1968.

Bloch, Birndorf & Silverman, of Chicago (Allan R. Bloch, of counsel), for appellant.

A. Bradley Eben, of Chicago, for appellee.

STOUDER, J.

Margaret Moehling, Plaintiff-Appellee, brought this action in the Circuit Court of Cook County against Brickman Investment Company and Joseph M. Brickman, seeking to recover real estate brokerage commissions. The court sitting without a jury, found the issues in favor of plaintiff and entered a judgment for $29,682.60 as commission and $6,428.25 as interest against defendant, from which this appeal follows.

Plaintiff testified that she was a real estate broker duly licensed by the State of Illinois. She lived and had her real estate office in Prairie View, Ela Township, Lake County, Illinois. During 1960 and 1961 the defendant had by written agreement, listed with her for sale, some fifteen parcels of land located in Ela Township. The listings were nonexclusive, the properties having been listed with other brokers including Henry Kyatt. During the period of approximately two years following the listing of such properties, the plaintiff, in her endeavors to sell the properties, had posted twelve of her signs thereon, had advertised the properties in area newspapers and had discussed the prospective sale of such properties with nearly two hundred fifty prospects.

She testified that early in May, 1961, she received a telephone call at her office from Hyman Pierce, attorney for the Central Standard Insurance Company, ultimately

the purchaser of the properties. Pierce indicated that he had seen her sign and asked whether she was the owner of the properties. Plaintiff indicated that she was not the owner but could put Pierce in touch with the owner. A brief discussion ensued concerning the properties available in the area. On the following day plaintiff called on Pierce at his office with a plat of the properties. Plaintiff talked with Pierce at least eight times during the month of May. During one of the visits to Pierce's office she was introduced to Alfred McArthur, President of Central Standard Insurance Company as being the young lady with whom Pierce had been having conversations concerning the real estate. During the same period of time, plaintiff talked with defendant nearly every other day. Pursuant to arrangements made by plaintiff, a meeting was held on June 6th in Pierce's office at which meeting plaintiff, defendant, Pierce and McArthur were present. The properties were discussed, but no decisions were made. At the conclusion of the meeting Pierce indicated that he and McArthur desired to consider the matter privately. Plaintiff returned to Pierce's office two days later and was informed that no decision had been made, but she was requested to return the following day which she did. An oral offer of $700 per acre was made which plaintiff communicated to defendant. In reporting the state of affairs to defendant, the latter indicated that perhaps if another meeting were held he could get the price up to $800 per acre. Accordingly, plaintiff arranged another meeting which was held on June 12th. Again no final decision was reached. After this meeting defendant told plaintiff that he would take Pierce's deal but that he would handle the details thereafter. An agreement was reached between defendant and Central Standard Insurance Company for the sale of nearly one thousand acres at $750 per acre with the defendant having an option to repurchase the properties at $950 per acre. The option was never exercised. When

the plaintiff returned from her vacation on July 10th, she called defendant to ascertain whether the transaction was ready to go into escrow and whether her real estate commission could be included in the escrow agreement. On this occasion she was informed by defendant that the transaction was a loan and that all she was entitled to was a finder's fee for a loan. (One-half or one percent is the usual loan finder's fee as contrasted to the four percent real estate broker's commission provided in the listing agreement.)

Pierce testified that Henry Kyatt, a real estate broker, called at his office in the latter part of April, 1961, and discussed with him the possible purchase by Central Standard of properties in Ela Township. Pierce had a report of title made and in the middle of May he, together with McArthur and Kyatt, made an inspection of the properties. He observed one of plaintiff's signs, wrote her name and telephone number down and called her the next day from his office. Pierce gave as his reason for calling plaintiff his uncertainty as to whether her sign was on the property mentioned by Kyatt. Pierce's testimony substantially corroborates the testimony of plaintiff concerning the nature of the phone call and the succeeding events.

Defendant in his testimony generally corroborated the incidents to which he was a party as testified to by plaintiff. Defendant also testified that prior to the middle of May, Kyatt had told him of a possible prospect for the sale of the properties. Kyatt did not mention the name of the prospective purchaser or indicate that any offer of purchase had been made. Defendant testified that he had paid Kyatt a real estate commission for the sale.

Henry Kyatt was neither a witness at the proceeding nor a party to the suit.

Plaintiff's claim is based on her allegation in the complaint that she secured a buyer ready, willing and able

to purchase the properties on terms acceptable to the seller. The principal issue presented by the facts and argued by the parties is which agent is entitled to the real estate commission, plaintiff or Kyatt.

■ Defendant first argues the trial court erred in rulings on evidence. The first error urged is the exclusion of the contract between defendant and Central Standard Insurance Company, the transaction upon which the claim for commission is based. However the record reveals the contract was admitted into evidence and it was only the repurchase option which was excluded. We believe the trial court properly excluded such proposed exhibit as being immaterial. It had no bearing on the issue which the court was required to reconcile, namely whether plaintiff or Kyatt was entitled to the commission. Furthermore, defendant in his own testimony, described the repurchase option and it appears he may have retained some lingering idea that the transaction was a loan and not a sale. During the trial, defendant's counsel conceded that the transaction was a sale and not a mortgage since defendant was under no obligation to repurchase the properties.

■■ Defendant also argues the trial court erred in sustaining plaintiff's objections to certain questions asked of Pierce regarding his state of mind and the influence exerted by plaintiff on the decision to purchase the properties. It appears that questions of similar import have been held proper and hence the trial court would not have erred in permitting the questions to be answered. McGuire v. Carlson, 61 Ill App 295. We do not believe that any prejudicial error resulted since the nature and extent of the conduct of both brokers is fully disclosed by other evidence. Plaintiff's claim was based on the circumstances relating to the bringing together of the parties and not on Pierce's state of mind.

Defendant next argues that only one broker's conduct can be the procuring cause of a particular sale and that

where the seller has determined in good faith that one broker's conduct was the procuring cause of the sale and has paid such broker therefore, another broker is precluded from claiming a commission on the same sale. As applied to the issue in this case we believe that either plaintiff or Kyatt is entitled to the commission, but not both. Noble v. Carruthers, 235 Ill App 1. However, we believe that the evidence fails to establish as a matter of law that the defendant determined in good faith that Kyatt was entitled to the broker's commission and that he paid him. In fact there is ample evidence from which the contrary conclusion can be reached.

Defendant testified that he had paid Kyatt a real estate broker's commission on the sale. On further questioning it appeared that the defendant had a running account with Kyatt and that Kyatt's fee had been included in a check for $50,000 payable to and delivered to one Basil, an associate of Kyatt. Defendant was unable to state the amount of any fee which might have been included in such check for Kyatt's commission, did not testify to receiving any bill or request for payment of any real estate commission from Kyatt and that he assumed Kyatt received his commission from such check. Furthermore the record reveals from the defendant's own testimony that he declined to pay plaintiff a real estate broker's commission because all she was entitled to was a loan finder's fee. Also in defendant's testimony appears the admission that he considered Kyatt had rendered no services in connection with the sale. On this state of the evidence we find no merit to defendant's contention the trial court was required to find that the defendant in good faith paid a real estate broker's commission to Kyatt.

Defendant next argues the trial court erred in determining that plaintiff's conduct was the procuring cause of the sale. The issue before us is whether, considering all the evidence and the inferences that could

be reasonably drawn from it most favorable to the plaintiff, there was a total failure to prove the necessary elements of plaintiff's claim. Chiagouris v. Continental Trailways, 50 Ill App2d 196, 200 NE2d 399. The question of whether one broker or another is entitled to the commission for a sale depends upon which of the broker's efforts may be deemed the procuring cause of the sale. Such determination is primarily a question of fact with the trial court being required to consider the relative significance of each broker's conduct to the sale as consummated. Undoubtedly where more than one broker has discussed property with the same prospective purchaser each broker has affected the interest of such purchaser to some extent. White v. Sellmeyer, 157 Ill App 435. In determining whether a broker's conduct is the procuring cause of a sale, we agree with the proposition that if a broker introduces property to a buyer who thereafter purchases the property, the broker is entitled to a commission in the absence of any intervening instrumentality which may be regarded as the effective or efficient cause of the sale. Doss v. Kirk, 8 Ill App2d 536, 132 NE2d 49; Faber v. Vaughan, 108 Ill App 553, and First Nat. Bank in Champaign v. Pace, 35 Ill App2d 390, 183 NE2d 35. Where there is an intervening effective agency such as successful negotiations by another broker it follows that a broker will not be entitled to a commission merely because of his initial introduction of the property to a purchaser.

Defendant insists that all plaintiff did was to introduce a buyer already interested in the purchase of the property to a seller whom the buyer already knew. Such characterization of plaintiff's conduct or participation in the transaction is based upon a consideration of only that evidence favorable to defendant's position and ignores all contrary evidence. We believe there is ample evidence from which the trial court could have properly concluded Pierce did not know that the defendant was

the owner of the properties until such fact was revealed by plaintiff to Pierce. It is undisputed that defendant did not know of the prospective purchaser until revealed by plaintiff. That the purchaser knew defendant was the owner of the property depends primarily upon the testimony of Pierce which is at best on this issue contradictory. Although Pierce asserted that he knew Brickman to be the owner prior to his contact with plaintiff, Pierce at one point in his testimony indicated that Kyatt had told him of the defendant's ownership. Later he indicated that Kyatt's knowledge of the properties was vague and indefinite and that in fact Kyatt had refused to reveal the name of the owner of the property. Nor does the report of title reveal the name of the owner of the property. However of utmost significance is Pierce's own conduct in calling plaintiff, particularly in view of his insistence that he would deal only with the owner.

If, as we believe, the evidence is sufficient to show neither of the parties knew one another before their introduction by plaintiff and that negotiations leading to the sale would not have taken place in the absence of such introduction, such conduct by plaintiff together with her efforts to promote the negotiations between the parties did constitute an intervening instrumentality which could be deemed the procuring cause of the sale. This conclusion is supported by defendant's own testimony namely that plaintiff was entitled only to a loan finder's fee, i. e., an admission that she did make the original contact and his assertion that Kyatt did not render any services in connection with the sale.

Lastly defendant argues that plaintiff cannot recover a real estate commission because she did not secure a real estate broker's license from the City of Chicago as required by city ordinance. We believe it is sufficient to say that the listing agreement was not void as in Usher v. McGowan, 20 Ill App2d 201, 155 NE2d 830 and Winston v. Kasper American State Bank, 36 Ill App

164

2d 423, 184 NE2d 725, and that the ordinance is not applicable with respect to a real estate broker whose residence and principal place of business is outside the city of Chicago even though he makes an isolated solicitation within the city. First Nat. Bank of Millstadt v. Freant, 7 Ill App2d 204, 129 NE2d 276, and Federated Petroleum Services, Inc. v. Daniels, 56 Ill App2d 236, 205 NE2d 741.

For the foregoing reasons the judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

ALLOY, P. J. and HOFFMAN, J., concur.