POLYTECHNICAL CONSULTANTS, INC., Plaintiff-Appellee, v. ALL-STEEL, INC., Defendant-Appellant.

First District (4th Division)   No. 84—0079

Opinion filed June 6, 1985.—Rehearing denied June 20, 1985.

Hartnett & Hartnett and Aljinovic & Perisin, Ltd., both of Chicago (Daniel A. Aljinovic, of counsel), for appellant.

Laser, Schostok, Kolman & Frank, of Chicago, for appellee.

JUSTICE LINN delivered the opinion of the court:

Defendant All-Steel, Inc., appeals from a judgment of the circuit court finding that plaintiff Polytechnical Consultants, Inc., an employment agency, was entitled to an $8,100 recruitment fee from defendant. The facts are primarily undisputed and may be summarized as

follows.[1]

The complaint alleged that plaintiff submitted the resume of Floyd Borkhuis to defendant for a job opening as a die designer; that in response defendant contacted plaintiff for additional information about Borkhuis; that plaintiff thereafter helped to arrange an interview; that defendant hired Borkhuis as a die designer at an annual salary of $27,000; and that as a result, in accordance with custom and practice in the employment and recruitment business plaintiff and defendant had an implied contract under which defendant was obligated to pay plaintiff a fee of 30% of Borkhuis' first year's salary. Defendant filed an answer admitting that it hired Borkhuis but asserting that he had been referred by another agency, Professional Employment, Inc., to which defendant had already paid a recruitment fee for its services.

PLAINTIFF'S CASE

According to the certified report of proceedings, Don Vitullo, an employment counselor for plaintiff, testified that in October 1981 he was a counselor for Professional Employment, Inc., when he sent Borkhuis' resume to defendant with his name deleted. A copy of the resume in the record shows that it did in fact have Borkhuis' name on it. Vitullo stated that in response he received a telephone call from defendant's personnel manager Colleen Reuland, who told him "there was no interest." In November 1981, Vitullo left Professional Employment and went to work for plaintiff; he had no covenant not to compete with his former employer. In January 1982, on behalf of plaintiff, Vitullo again sent Borkhuis' resume to defendant, which was identical to the first resume he had sent except that Borkhuis' name had been deleted and plaintiff's name was stamped on top in place of Professional Employment. Vitullo said that Reuland called him on January 12, 1982, to request additional information pursuant to that "blind" resume. On February 1, 1982, Reuland asked Vitullo to set up an interview with Borkhuis, which was conducted on February 4; sev-

[1]In its brief, plaintiff contends that the judgment should be affirmed outright on the ground that there was no verbatim transcript of the trial so that the record is therefore insufficient to permit a review of the trial court's findings. The record does contain a bystander's report of proceedings, certified by the trial court. (87 Ill. 2d R. 323(c).) Both parties submitted proposed reports of proceedings, but the report certified by the court was that prepared by plaintiff. This places plaintiff in the anomalous position of arguing that its own report of proceedings is an inadequate representation of the facts or is not true and correct. We assume plaintiff did not intend this result and will not address the issue any further.

eral days later, Reuland advised Vitullo that defendant had offered Borkhuis a job which he thereafter accepted. Vitullo transmitted that information to his superior Don Wunderle, and plaintiff then sent a bill for $8,100 to defendant for 30% of Borkhuis' $27,000 annual salary.

In addition to Vitullo's testimony, the record contains an affidavit by him dated February 22, 1983.[2] In that affidavit Vitullo asserted that after he sent Borkhuis' resume to defendant in October 1981, defendant had a telephone interview with Borkhuis, but no job offer was made and no further contact occurred until as an employee of plaintiff he resubmitted Borkhuis' resume to defendant in January 1982.

Don Wunderle, the former president of plaintiff, testified that he had been in the employment business for 26 years and was familiar with the customs and usages in that industry. He stated that in order for an employment agency to be entitled to a fee the agency must make the prospective employee aware of the company and the position available and must make the company aware of the applicant's qualifications; there must be an interest in hiring; and there must be arrangements made to see the applicant. Wunderle also stated that plaintiff was licensed by the Illinois Department of Labor, which he said approved the custom that the agency providing the "motivating force" is entitled to the fee.

DEFENDANT'S CASE

Colleen Reuland, who was in charge of hiring for defendant, testified that after she received Borkhuis' resume from Professional Employment in October 1981 she had a telephone conversation with Borkhuis from which she determined defendant was not interested in hiring him because he was "not interested in heavy board work." On January 11, 1982, Reuland received a resume and contacted Vitullo at plaintiff's office, then had a telephone conversation with Borkhuis the following day. Vitullo thereafter arranged an interview between defendant and Borkhuis, as a result of which Borkhuis was offered a job and began working for defendant on March 8, 1982.

The record also includes an affidavit executed by Reuland, in which she stated that after receiving Borkhuis' resume from Profes-

---

[2]Plaintiff contends in its brief that Vitullo's affidavit and another affidavit executed by Reuland were not admitted into evidence at the trial and hence should not be considered by this court on appeal. No motion to strike those documents was made and nothing in the record supports plaintiff's claim.

sional Employment she interviewed him in October 1981 and found him to be acceptable for employment. Reuland further stated she again contacted Borkhuis in January 1982 and conducted a second interview. He accepted defendant's offer of employment in February 1982, and defendant paid the agreed placement fee to Professional Employment. Reuland also claimed that she had no contact with plaintiff until after the job offer was extended to and accepted by Borkhuis.

Douglas Dawson, president of Professional Employment, testified that he had been engaged in the employment business for 25 years, made thousands of placements, was familiar with Department of Labor guidelines, attended seminars and was a member of professional associations regarding employment practices, including the Illinois Association of Employment Consultants. Dawson stated that, according to Department of Labor guidelines, the employment agency which makes the first contact and sets the hiring process in motion is entitled to the fee.

At the close of the trial, the court found that Professional Employment made the first contact with defendant toward the hiring of Borkhuis by sending his resume in October 1981, but defendant initially rejected the application when it indicated "no interest"; that Borkhuis was hired by defendant following contact from plaintiff including the sending of a second resume and arranging for an interview; that plaintiff was therefore the motivating force leading to the hiring of Borkhuis; and that, under the customs and usages in the industry as established by the testimony, plaintiff was entitled to the recruitment fee.

On appeal the parties agree that defendant owed a recruitment fee to either Professional Employment or to plaintiff based upon an implied oral contract theory. They also concur that the decision as to which agency depends on the established custom or standard in the employment recruiting industry.

Citing *Snedden v. General Radiator Division of Chromalloy American Corp.* (1982), 111 Ill. App. 3d 128, 443 N.E.2d 1158, and *Clark v. General Foods Corp.* (1980), 81 Ill. App. 3d 74, 400 N.E.2d 1027, defendant contends the industry custom is that a fee accrues to the agency which makes the "first contact" by referring the job candidate, provided the candidate is interviewed and hired for the same or a similar position within one year of the initial referral. Also relying on *Snedden*, plaintiff argues that the agency which is the "motivating force" leading to the hiring of the candidate is entitled to the fee. In addition, we note that plaintiff relies on *Modern Tackle Co. v. Bradley Industries, Inc.* (1973), 11 Ill. App. 3d 502, 297 N.E.2d 688, *Moehling v. Brickman* (1968), 98 Ill. App. 2d 156, 240 N.E.2d 210, and *McGuire v.*

*Carlson* (1895), 61 Ill. App. 295, in support of its contention that the agency which "procures the transaction" is entitled to the fee. Those cases, however, pertain to business opportunity brokers (*Modern Tackle*) and real estate brokers (*Moehling* and *McGuire*) and have no relevance to the instant case.

In *Snedden*, the fourth district appellate court followed the third district in *Clark* and accepted the uncontroverted evidence introduced at the trial that the agency which made the first referral of a job candidate earned the recruitment fee where that applicant was hired within one year for the same or similar position, notwithstanding an intervening referral of that candidate by another agency. The same result has been held to pertain whether the candidate was not interested in the employer after the first interview (*Snedden*) or the employer had already filled the position, initially rejected the candidate, and did not interview him until another similar position arose (*Clark*).

■ The so-called "motivating force" test referred to by plaintiff's witness Don Wunderle at the trial and relied upon by plaintiff on appeal is not a separate standard from the "one-year rule." Rather, in *Snedden* the evidence established that, in order for an agency to be entitled to a fee for a one-year period, the agency which made the initial contact or referral also had to have taken some active step beyond merely having sent the employer a resume. The four criteria accepted in *Snedden* are:

"(1) [T]he agency must have discussed the applicant with the employer; (2) the employer has agreed to interview the applicant; (3) the applicant has agreed to interview with the employer; and (4) the agency or the employer must have set the arrangements in motion for the interview." (111 Ill. App. 3d 128, 130.)

The interview may be perfunctory, and responsibility for a fee could attach although no interview took place. 111 Ill. App. 3d 128, 131.

From our review of the record, we therefore conclude that the evidence presented by defendant at the trial confirmed that the established "one-year" custom in the employment recruitment industry recognized in *Clark* and *Snedden* was still viable. Plaintiff's evidence did not impugn that custom but rather affirmed the conditions precedent to the application of that rule as set forth in *Snedden*. In its brief, plaintiff argues that it met the four criteria in *Snedden* and should be entitled to a fee from defendant. Under our interpretation of *Clark* and *Snedden*, the proper approach is to first determine whether Professional Employment, which had a possible priority to the fee because it made the first referral of the candidate, also met the *Snedden* criteria. If so, that agency is entitled to the recruitment fee. If not, only then

would plaintiff's activities be relevant.

■ Here, the record contains a referral slip dated October 2, 1982, from Professional Employment prepared by its consultant Don Vitullo and directed to the attention of Colleen Reuland, defendant's employee. The slip introduced Borkhuis as a candidate for the position of die designer. That was accompanied by a resume bearing Borkhuis' name and a stamp with the name, address and telephone number of Professional Employment. On the resume beneath Borkhuis' name there appears a handwritten notation "home" and a telephone number. Reuland interviewed Borkhuis by telephone, learned he was not then interested in "heavy board work," and so advised Vitullo that neither Borkhuis nor defendant was interested in pursuing employment any further at that time. The evidence therefore established that Professional Employment was entitled to the recruitment fee, although a second intervening referral was made by plaintiff prior to defendant's hiring of Borkhuis. The trial court therefore erred by entering judgment in favor of plaintiff.

For the reasons set forth above, the judgment of the circuit court is reversed.

Reversed.

JIGANTI, P.J., and JOHNSON, J., concur.